[No. 2403.  Decided March 17, 1897.]

The City of Spokane, *Respondent*, v. Z. Colby, *Appellant.*

EMINENT DOMAIN — APPROPRIATION OF LAND — IMPOSITION OF ADDITIONAL BURDEN — RIGHT TO DAMAGES.

If an additional element of damage is imposed upon land appropriated under the power of eminent domain, which was not taken into consideration by the jury in making their award in the condemnation proceedings, the owner cannot be deprived of damages therefor by reason of the prior condemnation.

Where land has been condemned for the purpose of securing a right of way to lay and maintain a pipe line to connect a city's pumping station with its distributing station, in order to supply the inhabitants of the city with water, the erection of poles on such right of way and stretching wires from them for the construction of a telephone line between such stations, constitutes an additional burden, though the telephone line may be necessary for the proper operation and maintenance of the pipe line.

Appeal from Superior Court, Spokane County.— Hon. James Z. Moore, Judge.  Reversed.

*L. H. Prather*, for appellant.

*W. H. Plummer*, for respondent.

The opinion of the court was delivered by

Dunbar, J.—Prior to the commencement of this suit, the respondent, the city of Spokane, had under the act regulating the right of eminent domain by cities, condemned a certain strip of land through appellant's land, for the purpose of laying and maintaining a water main from its pumping station to its distributing system in the city.  About the time of the completion of the water works system, the city made a contract with the Inland Telephone Company, a corporation owning and operating the telephone

system in use in the said city of Spokane, to construct thereon, at its expense, a telephone line from the said pumping station to the Central fire station in the city, which line should remain the property of such company and be removed by it at its pleasure upon thirty days' notice to the city, but in the meantime should be subject to the use of the city exclusively. Without further proceedings, and without notice to the appellant, the said company took possession of said strip of land for the purpose of erecting its telephone line thereon and began excavating the holes for telephone poles and planting such poles upon said strip of land. Whereupon appellant interposed to prevent the erection of said poles and line. To prevent such interference and to allow the said company to proceed with the construction of said telephone line, this suit was brought. Upon trial of the cause a decree was rendered making the injunction perpetual. From this decree appellant appeals to this court.

It is the contention of the appellant that an additional burden is imposed upon the land by the erection of telephone poles and wires, for which he has not been remunerated; while the contention of the respondent is that the erection of the telephone line is not an additional burden upon the land; and, second, if it is, that such an additional burden was contemplated in the decree in the original condemnation proceedings; that the telephone line is necessarily a part of said pipe line and necessary for the proper operation and maintenance thereof, for which the line was constructed; and that, as a proposition of law, where land is condemned for a certain specific use, such condemnation carries with it, without being specially mentioned, everything necessary and incident to said use; and that the erections and structures,

which are necessary in order that said right of way may be used for what it was originally intended, must have been contemplated in the condemnation proceedings or grant of easement.

To determine this case it is necessary to recur to the decree in the condemnation proceeding. The decree in that case, No. 7707, wherein the city of Spokane was plaintiff and Z. Colby et al., defendants, recites that said action was brought to condemn certain lands therein mentioned, "for the purpose of securing a right of way to lay and maintain a pipe line to connect its pumping station with its distributing station, for the purpose of supplying the inhabitants of said city with a supply of pure and wholesome water;" and the decree further recites that the jury had theretofore returned a verdict assessing the damages and just compensation to be made and paid to the defendant on account of taking the aforesaid lands and damages to property of the defendant by reason of said aforesaid taking in the sum of $1,100; and further provides that upon the payment of the said sum of $1,100 into the court, the city of Spokane shall have the right to enter upon and take possession of and occupy the land described for the purposes aforesaid.

The authorities cited in the briefs of the respective counsel have not furnished the court with a great deal of light on the subject in hand, as it is conceded that the authorities are conflicting. None of the authorities cited, however, involved the identical principles involved in this case. The power of eminent domain is a power which interferes with an individual's primary right of use, possession and ownership of property, and we are not inclined to extend this power beyond the plain provisions of the law. Under all the authorities, and upon the plainest principles

of right, it must be true that if an additional element of damage is imposed upon the land which was not taken into consideration by the jury in the condemnation proceedings, the owner cannot be deprived of such damages by reason of the prior condemnation; and in the present instance it seems plain to us that the decree of the court did not contemplate any damages which might arise excepting the damages flowing from the disturbance of the soil by reason of the laying of the water pipes. The erection of poles and the stretching of wires in the air might reasonably cause damage to land which was not taken into consideration by the jury when they were assessing the damages flowing from the laying of the pipes; and, even if it be true, as contended by appellant, that the said telephone line is necessarily a part of said pipe line and necessary for the proper operation and maintenance thereof, it does not follow that said line must necessarily be constructed over the particular land upon which or in which the water pipes were laid.

We are satisfied from the record in this case that the erection of these poles and wires constitutes an additional element of damage which was probably not taken into consideration by the jury in the condemnation proceedings, and an element of damage which the appellant has a right to have determined by a jury in a proper condemnation proceeding.

The judgment will therefore be reversed and the cause remanded with instructions to dismiss the action.

SCOTT, C. J., and ANDERS, REAVIS and GORDON, JJ., concur.