[No. 8483. Department One. February 4, 1910.]

HENRY REICHLING, *Respondent*, v. COVINGTON LUMBER
COMPANY, *Appellant*.[1]

EMINENT DOMAIN — TITLE ACQUIRED — FEE — DEVOTION TO OTHER USES—EFFECT. Where a full fee simple title is condemned by a city for a particular use, and the award is paid out of the general fund and accepted, the land does not revert to the owner upon the city's devoting it to some other use; and the former owner cannot complain if an easement therein is subsequently granted to a railroad company.

Appeal from a judgment of the superior court for King county, Main, J., entered June 22, 1909, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for an injunction. Reversed.

*Graves & Murphy* and *Charles H. Winders*, for appellant, cited, among other authorities: 2 Dillon, Municipal Corporations (4th ed.), § 589; Lewis, Eminent Domain, § 596; 10 Am. & Eng. Ency. Law (2d ed.), p. 1198; *Seattle Land*

[1]Reported in 106 Pac. 777.

*and Imp. Co. v. Seattle,* 37 Wash. 274, 79 Pac. 780; *Gasaway v. Seattle,* 52 Wash. 444, 100 Pac. 991; *Brooklyn Park Commission v. Armstrong,* 45 N. Y. 234; *Matter of City of New York,* 190 N. Y. 350, 83 N. E. 299; *Dingley v. Boston,* 100 Mass. 544; *Page v. O'Toole,* 144 Mass. 303, 10 N. E. 851; *Hellen v. Medford,* 188 Mass. 42, 73 N. E. 1070, 108 Am. St. 459, 69 L. R. A. 314; *Delosier v. Pennsylvania Canal Co.* (Pa. St.), 11 Atl. 400; *Chesapeake & Ohio R. Co. v. Walker,* 100 Va. 69, 40 S. E. 633, 914; *Driscoll v. New Haven,* 75 Conn. 92, 52 Atl. 618; *Malone v. City of Toledo,* 34 Ohio St. 541; *Haldeman v. Pacific Cent. R. Co.,* 50 Pa. St. 425; *Curran v. Louisville,* 83 Ky. 628; *Water Works Co. v. Burkhart,* 41 Ind. 364.

*Charles E. Patterson* and *James M. Gephart,* for respondent, cited: *Matter of Albany Street,* 11 Wend. (N. Y.) 149; *In re John and Cherry Streets,* 19 Wend. (N. Y.) 659; *Jessup v. Loucks,* 55 Pa. St. 350, 361; *Fairchild v. St. Paul,* 46 Minn. 540, 49 N. W. 325; *Taylor v. Porter & Ford,* 4 Hill 140; Elliott, Roads and Streets (2d ed.), p. 242; *Newton v. Manufacturers' R. Co.,* 115 Fed. 781; *Lyon v. McDonald,* 78 Tex. 71, 14 S. W. 261, 9 L. R. A. 295; *Fairchild v. St. Paul,* 46 Minn. 540, 49 N. W. 325. The statute should be construed as authorizing the taking of an easement only. 15 Cyc. 1018, 1019, 1021, 1024; *Spokane v. Colby,* 16 Wash. 610, 48 Pac. 248; *Fairchild v. St. Paul, supra; Conklin v. Old Colony R. Co.,* 154 Mass. 155, 28 N. E. 143; *Vought v. Columbus etc. R. Co.,* 58 Ohio St. 123, 50 N. E. 442; *State ex rel. Kent Lumber Co. v. Superior Court,* 46 Wash. 516, 90 Pac. 663.

MORRIS, J.—Appeal from a decree of the lower court enjoining appellant from entering upon certain lands in King county, cutting and removing timber therefrom, and also from constructing a logging railroad upon and across the lands. The facts, except a few that are not material to this discussion, are admitted, and from them it appears that, in

1898, the city of Seattle commenced condemnation proceedings to acquire lands in the vicinity of Swan lake for the purpose of its Cedar River water system.  In its petition the city set forth its intention to acquire an easement over and upon certain described lands, and to acquire a "fee simple to the following lands."  Then follows a description of certain lands, including the land in controversy.  The respondent appeared in the proceedings as the owner of the land, and a trial was had to ascertain its value, resulting in an award "for the taking of the" land in question.

Respondent made a motion for a new trial, which being denied, a decree was duly entered, awarding "the fee simple" to the land to the city, upon payment of the sum fixed in the verdict, which was subsequently paid into court from the city's general fund, and the same was withdrawn by respondent.  In 1907 the city passed an ordinance whereby it granted a license to appellant to construct a logging railroad over the lands, such right to exist for ten years.  Appellant entered upon the lands for the purposes granted in its license, when respondent brought this action to restrain it, claiming to be the owner of the lands as against all persons save the city, and that the use of the city was confined to the express uses and purposes indicated in its condemnation petition, which did not include the construction of railroads, and that the building of the railroad created an additional burden upon the land.  This was the view taken by the trial judge, and the ground upon which the injunction was decreed.

Under the petition upon which the condemnation case was tried and the decree therein entered, the city acquired the absolute fee to the land.  We must assume that, in the use of the words "fee simple" in the petition, it was the express purpose and intention of the city to acquire the absolute title, and such purpose and intention was found by the court to be a public and necessary use in its decree of appropriation, and that the subsequent use of the expression in the

decree was an expressed intention of the court to vest the whole title to the lands in the city. Such judgment having become final, fixed and forever determined the rights of the city and respondent as to their respective interests in this land, and respondent cannot now be heard in this proceeding to in any way question the title of the city. If the city under the condemnation decree acquired the fee in the lands, it is now immaterial whether such fee was necessary to its use or not. When it paid the sum fixed as its value and respondent received such sum, all the constitutional requirements had been complied with, and the title fully vested in the city according to the terms of the decree. This being so, it follows that there was, and could be, no reversion of right or interest in respondent to the lands, whether the city used the lands for the purpose indicated in the petition or not.

"Where a fee simple is taken, the weight of authority is that there is no reversion, but, when the particular use ceases, the property may, by authority of the state, be disposed of for either public or private uses." Lewis, Eminent Domain (2d ed.), § 596.

See, also, 2 Dillon, Municipal Corporations (4th ed.), § 589.

This question was directly before this court in *Seattle Land & Imp. Co. v. Seattle*, 37 Wash. 274, 79 Pac. 780, where the city condemned land for a public park and afterwards used the same to erect thereon an "In Town Terminal Substation," for use in connection with its lighting plant, and it was there said that,

"Where property is taken, and paid for from the general fund, with the intention of using it for a certain purpose specified in the ordinance authorizing the taking, as was done in this case, the city, doubtless, has the authority to change said contemplated use to another and entirely different use, whensoever the needs and requirements of the city suggest."

In that case stress was laid by the court upon Rem. & Bal. Code, § 7507, subd. 3, wherein it is provided that cities of the first class shall have power "to acquire, by purchase or

otherwise, such lands and other property as may be necessary for any of the corporate uses provided for by its charter, and to dispose of any such property as the interests of the corporation may, from time to time, require." Bal. Code, §§ 781 and 787, which are parts of the act of 1893, under which this condemnation suit was instituted, provide for the damaging of property or the taking of a part or the entire interests therein, which would seem to be sufficient authority to permit the city to acquire the right to damage or to take the entire interest and possession of the owner in such property as it deemed necessary for its municipal use and purpose.

In *Gasaway v. Seattle*, 52 Wash. 444, 100 Pac. 991, 21 L. R. A. (N. S.) 68, it was sought to obtain a tax title to certain lands acquired by the city under the same condemnation proceedings reviewed here, and in referring to the title of the city to the lands there in controversy, it is said:

"It is a necessary deduction from the premises that the city took the full fee simple title and the interest, both present and prospective, of all concerned in the property."

These cases and the reasoning and authority upon which they are based are decisive of the questions here presented.

Respondent places much reliance upon the case of *Spokane v. Colby*, 16 Wash. 610, 48 Pac. 248, in which it appears that the city of Spokane had condemned land "for the purpose of securing a right of way to lay and maintain a pipe line to connect its pumping station with its distributing station." Afterwards the city made a contract with a telephone company to construct a line from the pumping station to a central fire station, and we held the erection of such a telephone line was an additional burden or element of damage, and could not be enforced upon the rights obtained by the city in the original condemnation proceedings.

It is apparent that the right obtained by the city in that case was a mere easement in the land, a right to use only for the purpose of the specific easement granted, and that

right having only been compensated for, an additional use and burden could not be laid upon the land without additional compensation. No such question arises here, as the right sought by the city was not an easement nor a right to damage in a specific manner, but it sought to condemn and divest the owner of his entire interest in the land and to acquire the fee simple title in itself. The city's right to the use and possession of the land was not therefore, as in the *Spokane* case, confined to any special or damaging use, but it was an absolute taking and divested the owner of all rights of use and possession. The cases not being analogous, the rule laid down in the *Spokane* case cannot benefit the respondent here. We hold the court below was in error in treating the use of the appellant as an additional easement upon the land and the impress of a burden not acquired under the condemnation proceedings, and its judgment is reversed, and the cause remanded with instructions to dismiss.

RUDKIN, C. J., GOSE, CHADWICK, and FULLERTON, JJ., concur.