PeaRSON, C. J.
 

 There is no error in the decretal order. The injunction was improvidently granted, and ought to have been dissolved, on the ground, that the bill discloses no equity.
 

 The case turns upon the effect of a payment by McRae, the principal in the execution, to the sheriff, Calvin Cochran, who held the execution, and who was one of the defendants in the execution. Was this a satisfaction of the judgment? If it was, then the execution which afterwards issued, and in regard to which the injunction is granted, was, in law, of no force or effect, and the plaintiff had a plain remedy in the Court from which it issued, by writ of
 
 audita querela
 
 to have the execution called in and satisfaction entered on the record. The same thing could have been done upon notice and motion in the nature of an
 
 audita querela,
 
 which, in our practice, is sub
 
 *142
 
 stituted for the ancient judicial writ, issued by the Court where the judgment was;- — not purchased out of the Court of Chancery like an original writ. See Fifzherbert’s Natura Brevium.
 

 If the payment by McRae to Cochran was not a satisfaction, then, of course, the plaintiffs have no equity. So, taking it either way the question, satisfaction or no satisfaction, was a dry question of law, and there is no equitable ingredient involved in it.
 

 Per Curiam, Decretal order affirmed.