## PIFER v. ROCHESTER TOWNSHIP BD. ED.

Ohio Appeals, 9th Dist., Lorain Co.

No. 436. Decided Oct. 7, 1927.

**First Publication of this Opinion.**

93. APPROPRIATION—1065. Schools and School Districts—1. Unless lesser estate is asked for, board of education, in appropriation proceedings, takes absolute estate in fee simple.

2. Property so appropriated does not revert to original owner, when use, for school purposes, is discontinued.

Appeal from Common Pleas.
Petition dismissed.

Robert L. Walden, Elyria, for Pifer.
Baird, Vandemark & Butler, Elyria, for Bd. of Ed.

FUNK, J.

In 1919 the board of education of Rochester township appropriated, from the plaintiff, the one acre of land in controversy in this case, for school purposes, to wit, a playground in connection with the rural district school adjacent thereto. Some three or four years later, the schools in said township were centralized and the school lands, at this particular location, were abandoned, and the township board of education proceeded, according to law, to advertise said school lands and buildings for sale.

It is conceded that the appropriation proceedings and the proceedings to centralize the schools and to advertise and sell the school property, were all regular, and that plaintiff received, from defendant, the full market value for the land, as fixed by the jury in the appropriation proceedings in Probate Court.

The sole question at issue, in this case, is whether or not the board of education, in appropriating the one acre of land in question, obtained an absolute estate in fee simple, with the right and privilege of disposing of the property in such manner as they might see fit, according to law, and can sell the property to private parties, or whether the fee simple title, obtained by the board, was a conditional fee, by which the land in question, when abandoned for school purposes, reverted to the original owner, his heirs or assigns.

After the board had advertised the school lands for sale, plaintiff commenced this action, in the Common Pleas Court, to quiet his title as against the board and obtain possession of the land.

The Common Pleas Court rendered its decree in favor of the plaintiff. The case is in the court on appeal from that decision.

The general rule seems to be that, where lands are appropriated for a public use, an easement only is taken therein, unless the taking of a greater estate, as a fee simple title, is expressly authorized by law. This rule is stated in Voight v. R. R. Co., 58 OS. 123, and is supported by many decisions and leading text writers, and is cited by counsel for plaintiff as supporting his contention.

It will be observed that the special legislative act authorizing the appropriation under consideration in the Voight case did not designate the interest or estate taken, and, consequently, the court held that only an easement was acquired, and therefore that case has no application to the instant case.

In Hatch v. Railroad Co. 18 OS. 92, it was held that land appropriated for canal purposes could be transferred and used for railroad purposes, as the general purposes were the same, to wit, the purposes of a public way to facilitate the transportation of persons and property.

In Malone v. Toledo, 28 OS. 643, it was held that the state, having appropriated land in fee simple for canal purposes, could transfer the same to the city of Toledo for street purposes.

The question at issue in the instant case was not raised in the Hatch case, but it was raised in the Malone case, and the question of whether a "fee simple absolute" or a "fee simple conditional" was acquired by the state, was discussed in the argument of the court. In that case the court held that it was not necessary to decide that question, but, during the pending of the litigation, the city of Toledo transferred the land in controversy to private parties, and the case, under this new situation, went to the Supreme Court a second time (34 OS. 541), where that court held that, under the constitution of 1802, the legislature, in the exercise of the right of eminent domain, could authorize the state to acquire, by appropriation proceedings, an absolute estate in fee simple in lands for public purposes, with the right, after lawful abandonment of such lands for the purposes for which the lands were appropriated, to dispose of the same to private parties. We find the power of the legislature, in this respect, under our present constitution, is not less than it was under that of 1802.

Sec. 7624 GC. provides that, when a board of education finds it necessary and desires to appropriate lands for school purposes, "the same proceedings of appropriations, which are provided for the appropriation of private property by municipal corporations shall be had."

It was not until 1906 that the Ohio Legislature (98 OL. 164, sec. 18) provided what the effect of payment or deposit, as ordered by the court, should be, in appropriation proceedings by a municipal corporation, by inserting in the statutes the words "and upon the payment or deposit, by the corporation, of the amount assessed, as ordered by the court, an absolute estate in fee simple shall be vested in such corporation, unless a lesser estate or interest is asked for in the application, in which case such lesser estate or interest as is asked for shall be vested."

From these and other provisions, adopted for the first time in the same act, and from the discussions of our courts, in their opinions, as to whether or not a "fee simple absolute" or a "fee simple conditional" has been acquired in a particular case, and, the legislature having used the words "absolute estate in fee simple," it is apparent that it was the purpose and intent of this legislature to provide that an absolute estate in fee simple should be acquired by a municipal corporation, with the right to dispose of it, according to law, for public or private uses, as it may deem best suits the needs of such municipality, and to thus definitely settle the question of the kind of a fee a municipal corporation acquires in appropriation proceedings, unless a lesser estate is asked for in the application. White v. Cleveland, 14 C. C. (ns.) 369.

By reference, under 7624 GC., the same rule applies to boards of education.

The fact that the application for the appropriation stated the reason for appropriating the property, to wit for playgrounds and all other uses for public school purposes, does not limit the estate, acquired by the board, to that purpose.

It being clear that the constitution and laws of Ohio, authorize the board of education to acquire an absolute estate in fee simple, and that the laws provide that such board shall have such estate unless it asks for a lesser estate, and, it appearing that the board, in the instant case, not only did not ask for a lesser estate but asked for a fee simple estate, the board of education has an absolute estate in fee simple in the land in controversy, with the right to sell and dispose of it to private parties according to law.

The prayer of plaintiff's petition is therefore denied and the petition dismissed. A decree may be drawn in accordance with this conclusion.

(Washburn, PJ. and Pardee, J., concur.)