[Civ. No. 8191.   Second Appellate District, Division Two.—January 12, 1934.]

EUREKA CASUALTY COMPANY (a Corporation), Appellant, v. THE MUNICIPAL COURT OF THE CITY OF LOS ANGELES, Respondent.

A. Brigham Rose for Appellant.

Charles P. Johnson, City Prosecutor, John L. Bland and Joe W. Matherly, Deputies City Prosecutor, Everett W. Mattoon, County Counsel, and Robert A. Cushman, Deputy County Counsel, for Respondent.

CRAIG, J.—An order having been entered in the superior court denying a petition that the Municipal Court of the City of Los Angeles be required to vacate its judgment theretofore rendered upon an undertaking, the petitioner appealed.

Said petitioner furnished its undertaking as surety upon appeal by one Earle Wilson from a judgment of the municipal court declaring him guilty of having violated the state statute forbidding the possession or sale of intoxicating liquor, and undertook that he would surrender himself in execution of judgment if affirmed or modified or should

the appeal be dismissed, or in the event of a reversal thereof that he would appear for a new trial and submit himself to the orders and processes of said court. Thereafter a commitment was issued, and the defendant failing to appear, said bond was forfeited. The petitioner herein alleges that after diligent search for the principal his demise in a foreign country was then first discovered; that a motion was thereupon made pursuant to the provisions of sections 1305 and 1306 of the Penal Code that said forfeiture be set aside, but that such motion was denied and judgment was entered accordingly. ■ A petition was subsequently filed in the superior court by which the surety alleged that it had acquired newly discovered evidence which, had it been known and presented in the municipal court, would have entitled the petitioner to a different result, and praying that said municipal court be directed to vacate its judgment and to hear the matter again. Such petition was entitled ''Petition for a Writ of Audita Querela''. This proceeding has been entitled in jurisdictions where used as one permitted only ''in the court wherein the record lies, to review the judgment on account of some matter occurring after judgment amounting to a discharge of its obligation''. (*Smith* v. *Young,* 136 Mo. App. 65 [117 S. W. 628]; *Manning* v. *Phillips,* 65 Ga. 548; *Coffin* v. *Ewer,* 5 Met. (Mass.) 228; *Parker* v. *Jones,* 58 N. C. 276 [75 Am. Dec. 441]; *McRae* v. *Davis,* 58 N. C. 140; *Ross* v. *Shurtleff,* 55 Vt. 177.) However, a proceeding equivalent to that outlined by the petitioner's allegations below is authorized by our Code of Civil Procedure when taken in the manner and at the time prescribed, by motion for a new trial (Code Civ. Proc., sec. 657), or for relief from a judgment (Code Civ. Proc., sec. 473), provided the same was granted through mistake, inadvertence, surprise, or excusable neglect. Both such motions must be made in the court of original jurisdiction. Should it be contended, on the other hand, that by proper proceedings the petitioner might have been entitled to the writ recognized under the statutes of this state, it is sufficient to say that the pleadings do not bring its case within the provisions thereof. Section 1068 of the Code of Civil Procedure authorizes the issuance of a writ of review ''when an inferior tribunal . . . has exceeded the jurisdiction of such tribunal . . . ''; and section 1085 of the same code

permits the issuance of a writ of *mandamus* "to an inferior tribunal . . . to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station; . . . " It is not contended that a ruling upon a motion to vacate a judgment is other than discretionary and within the jurisdiction of the trial court. It results that the said petition cannot be maintained.

The order is affirmed.

Stephens, P. J., and Archbald, J., *pro tem.*, concurred.