I So.2d 92

## MAGUIRE v. POLICE JURY OF CADDO PARISH.

### No. 34099.

March 3, 1941.

Lester Wilson and Michel A. Maroun, both of Shreveport, for plaintiffs and appellants.

Chas. L. Mayer, of Shreveport, attorney and curator ad hoc for absentees.

James U. Galloway, Dist. Atty., of Shreveport, for defendant and appellee.

FOURNET, Justice.

Plaintiffs, alleging themselves to be the heirs of John Dixon, whose property was expropriated in 1901 by the Parish of Caddo for use as a jail site, are seeking to recover the property and the rents and revenues derived therefrom since 1928 on the ground that since that time the property has not been used for the purposes for which it was expropriated. From a judgment dismissing their suit on exceptions of no cause and no right of action plaintiffs have appealed.

The Police Jury of Caddo Parish adopted a resolution on August 9, 1900, authorizing its president "* * * to purchase from John Dixon lots 9 and 10, Block 24, of the City of Shreveport, La., to be used as a site for a new jail building for

the Parish of Caddo, provided the same can be acquired at a reasonable price, not exceeding $6500 and in the event said lots cannot be purchased, the said President is hereby authorized to bring suit against the owner thereof for the expropriation of the same for the use of the Parish of Caddo as above set forth." Upon the refusal of Dixon to sell the property for the consideration recited in the resolution, the Police Jury, on August 21, 1900, instituted proceedings to expropriate the property, and on September 5, 1900, in pursuance to the verdict of the jury, the court rendered judgment in favor of the Police Jury of Caddo Parish decreeing "that the title of Lots 9 and 10, Block 24 vest in the Parish of Caddo free from any encumbrance on the payment of the * * * sum of Eight Thousand Dollars to the defendant, John Dixon * * *." This judgment was never appealed from, and on January 11, 1901, Dixon in writing acknowledged having received the amount of $8,000 "in payment in full of purchase price of Lots Nine (9) and Ten (10) Block Twenty-four (24) of the City of Shreveport, expropriated by the Parish of Caddo * * *."

■ It is stated in the Revised Civil Code that "The first law of society being that the general interest shall be preferred to that of individuals, every individual who possesses under the protection of the laws, any particular property, is tacitly subjected to the obligation of yielding it to the community, wherever it becomes necessary for the general use," (Article 2626) and "If the owner of a thing necessary for the general use, refuses to yield it, or demands an exorbitant price, he may be divested of the property by the authority of law." Article 2627. The extent of the title or rights acquired in such proceedings depends upon the extent of the title or rights which may be adjudged under the pleadings in the particular action (Knox v. Louisiana Railway & Navigation Company, 157 La. 602, 102 So. 685, and Parish of Jefferson v. Texas Company, 192 La. 934, 189 So. 580. See, also, 20 Corpus Juris 1221, Section 582), and "When land has been acquired for the public use in fee, * * * either by the exercise of the power of eminent domain or by purchase, the former owners retain no rights in the land, and the public use may be abandoned or the land may be devoted to a different use without any impairment of the estate acquired or any reversion to the former owners. * * *" 18 American Jurisprudence 747, Section 124. See, also, City of Fort Wayne v. Lake Shore & M. S. R. Co., 132 Ind. 558, 32 N.E. 215, 18 L.R.A. 367, 32 Am.St.Rep. 277; Brooklyn Park Com'rs v. Armstrong, 45 N.Y. 234, 6 Am.Rep. 70; Ramsey v. Leeper, 168 Okl. 43, 31 P.2d 852; Chamberlain v. Northeastern R. Co., 41 S.C. 399, 19 S.E. 743, 996, 25 L.R.A. 139, 44 Am.St.Rep. 717; Reichling v. Covington Lumber Co., 57 Wash. 225, 106 P. 777, 135 Am.St.Rep. 976; and Annotation at 19 Ann.Cas. 155.

■ The language used in the judgment of expropriation in this case is free of any ambiguity and unqualifiedly vests the title to the property in the Parish of Caddo in

fee. It is a conveyance of the land itself and not of a servitude.

For the reasons assigned, the judgment of the lower court is affirmed, at appellants' cost.

LAND, J., recused.

ODOM, J., takes no part.