## O'HARA v. DISTRICT OF COLUMBIA.

### No. 8674.

United States Court of Appeals
District of Columbia.

Argued Nov. 10, 1944.

Decided Dec. 26, 1944.

Writ of Certiorari Denied May 7, 1945.

Mr. T. Emmett McKenzie, of Washington, D. C., with whom Mr. James L. Buckley, of Washington, D. C., was on the brief, for appellant.

Mr. Vernon E. West, Principal Assistant Corporation Counsel, of Washington, D. C., with whom Messrs. Richmond B. Keech, Corporation Counsel, and Irving Bryan, Assistant Corporation Counsel, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

In a proceeding brought by the Commissioners of the District of Columbia under Section 16—601 an order was entered in 1942 condemning the lands here in question for school purposes. The amounts awarded the owners for damages were deposited in the court registry. Appellant refused to deliver possession of the property. Thereafter, the District of Columbia brought this action in ejectment. The answer set up the defense that title to the premises had reverted back to the original owners because of nonuse by the District for school purposes. A motion for summary judgment in favor of the District was granted by the court below from which judgment this appeal was taken.

It appears from affidavits filed by appellant in opposition to the motion for summary judgment that because of the war emergency the District will be for an indefinite period of time prevented from building a school on the condemned site. Appellant contends that this temporary

nonuse for school purposes constitutes an abandonment of the purpose for which the lands were condemned.

We need not consider this argument because it seems clear from our condemnation statutes that the District of Columbia obtained a fee simple absolute upon deposit in court of the damages awarded to the owner in the condemnation proceeding.[1] Section 16—601, under which the condemnation action was brought, provides for the filing of a petition in the name of the Commissioners "for the condemnation of said land or said right of way and the ascertainment of its value."[2] It appears from this that the District may either condemn a fee simple or an easement in land according to its needs.

The fact that the District may condemn a fee simple is further apparent from other sections of the statutes relating to condemnation. For example, Section 16—612 permits the Commissioners of the District to acquire land in excess of their immediate needs in order to promote the orderly development of the seat of government. Section 16—613 provides that such excess land may be sold.[3] Section 16—605 permits the taking of any sort of interest in the land for public use prior to the award of damages, and states that "title to the said lands in fee simple absolute, or such less estate or interest therein as is specified in the declaration, shall vest in the District of Columbia."

The District's petition in the condemnation proceeding alleges "That in the judgment of your petitioners it is necessary to acquire the pieces or parcels of land situated in the District of Columbia, hereinafter particularly described for the purpose of acquiring a site for school purposes in the District of Columbia". Liberally construed, this is an allegation that the District is condemning the fee simple rather than some lesser estate.[4] It would no doubt have been better pleading for the District to declare that a fee simple estate was being condemned and to set out with particularity the reasons why such an estate was necessary. But if this be an error it cannot be raised by collateral attack on an order of condemnation unless the record affirmatively shows that a lesser estate than a fee simple would have served the public purpose for which the land was sought. In the absence of special circumstances it would be reasonable to presume that no estate less than absolute title is sufficient for school purposes.[5] Further-

---

[1] Where a fee simple estate is acquired in the condemnation proceeding the doctrine of abandonment does not apply. 2 Lewis, Eminent Domain, 3d Ed., 1909, § 861; 2 Nichols, Eminent Domain, 2d Ed., § 512; 30 C.J.S., Eminent Domain, § 460.

[2] D.C.Code (1940), § 16—601: "Whenever land in the District is needed by the commissioners of the District for sites of schoolhouses, fire or police stations, or for a right of way for sewers, or for any other municipal use authorized by Congress, and the same can not be acquired by purchase from the owners thereof at a price satisfactory to the officers of said District authorized to negotiate for the same, application may be made to the District Court of the United States for the District of Columbia by petition in the name of said commissioners for the condemnation of said land or said right of way and the ascertainment of its value."

In City of Newton v. Perry, 1895, 163 Mass. 319, 39 N.E. 1032, Mr. Justice Holmes said: "There are no sacramental words which must be used in a statutory power to take and hold lands in order to give a right to take the lands in fee. Any language in the statute which makes its meaning clear is sufficient, and a very little more than 'take and hold' has been held enough. Dingley v. Boston, 100 Mass. 544; * * *."

[3] See Pifer v. Board of Education, Rochester Tp., 1927, 25 Ohio App. 469, 159 N.E. 99. Contra: Carter v. Davis, 1929, 141 Okl. 172, 284 P. 3.

[4] In Harn v. State ex rel. Williamson, 1939, 184 Okl. 306, 87 P.2d 127, the court wrote the following syllabus as the law: "5. The language of a statute whereby the executive officers are authorized to * * * 'acquire the land' by condemnation on behalf of the State, is susceptible of but the one interpretation as an unequivocal command to acquire the fee simple title therein, and where the proposed public use in such case is commensurate with permanent occupation, condemnation proceedings properly instituted and concluded pursuant to such statute will serve to transfer the fee simple title."

[5] In Hopewell School Dist. No. 28 v. Bush, 1929, 179 Ark. 316, 15 S.W.2d 985, it was stated that "The interest in the property to be taken or condemned in this proceeding was expressly stated to be the fee, *and no lesser estate would be sufficient to satisfy the purpose of the taking—a site for the school building * * *."* (Em-

more, in the condemnation proceedings involved here the jury were instructed to appraise the property at its full market value. Such instructions would not have been appropriate had anything less than a fee been condemned by the District.[6]

■ As we said in the case of Macfarland v. Elverson, 1908, 32 App.D.C. 81, at page 86: "When the power to condemn and take property for a public use has been by general statute conferred upon municipal officers by the proper legislative authority, it rests with such officers to determine whether it shall be exercised, and when and to what extent it shall be exercised. This discretion lies entirely with the local authorities. It is for them to determine when a public improvement is necessary, and, so long as they do not exceed or abuse the power delegated to them, the courts are powerless to inquire into the motives which actuate them or the propriety of the contemplated improvement."

· We have carefully examined all of appellant's contentions and find them to be without merit. Judgment will, therefore, be affirmed.

---

phasis supplied.) See also Binder v. County Bd. of Education for Jefferson Co., 1928, 224 Ky. 143, 5 S.W.2d 903. Contra: Thomison v. Hillcrest Athletic Ass'n, 1939, 9 W.W.Harr. 590, 5 A.2d 236; Lazarus v. Morris, 1905, 212 Pa. 128, 61 A. 815.

[6] Hopewell School Dist. No. 28 v. Bush, supra note 5.