[Civ. No. 22714. Second Dist., Div. Two. Apr. 24, 1958.]

MANUEL ARECHIGA et al., Appellants, v. HOUSING AUTHORITY OF THE CITY OF LOS ANGELES et al., Respondents.

G. G. Baumen for Appellants.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, Peyton H. Moore, Jr., and Milton N. Sherman, Deputy City Attorneys, for Respondents.

FOX, P. J.—Plaintiffs were among the many property owners who were defendants in *Housing Authority* v. *Lopez*, which was an action initiated in 1951 to condemn property in the city of Los Angeles for a low rental housing project. The issue of necessity was litigated in that action, which resulted in a judgment for the Housing Authority in March, 1953, fixing the value of the property here in question at $10,050. No appeal was taken by the Arechigas and that judgment in due course became final. The amount of the award was deposited with the county clerk by the Housing Authority. The Arechigas, however, did not withdraw these funds. The housing project was not built but was, in fact, abandoned about July, 1953. On September 30, 1953, the Arechigas filed this suit against the Housing Authority "to set aside or enjoin enforcement" of the judgment in the condemnation action. Thereafter the property was conveyed to the city of Los Angeles and early in 1957 a supplemental complaint was filed making the city a party to this action. The city's demurrer

was sustained without leave to amend. Plaintiffs appeal from the judgment of dismissal.

Plaintiffs base their claim for relief on the fact that "the Housing Authority has abandoned the purpose for which said property was condemned." They argue that this change of circumstances makes the enforcement of the judgment inequitable.

Plaintiffs make no claim of fraud, collusion, bad faith or other misconduct on the part of any governmental agency involved in this case and make no effort to state any of the traditional grounds of equitable relief from judgment. Nor do plaintiffs contend that a public purpose did not exist at the time of the trial or at the time the judgment was entered.

By the judgment in the condemnation action the entire fee estate in the property (*Crockett Land & Cattle Co.* v. *American Toll Bridge Co.,* 211 Cal. 361, 364 [295 P. 328]; see Code Civ. Proc., § 1239, subd. 1) passed to the Housing Authority. "Need for taking the particular land, . . . like the issue of compensation for the taking, is judged by the conditions existing at the time of the taking . . . Conceding the grant of power to the State and its municipal subdivisions to condemn a fee estate in land, we know of no case, and are not cited any, wherein the owner has been permitted to later attack and modify a title taken from him by condemnation on the basis of subsequent events." (*Fischer* v. *Oklahoma City,* 198 Okla. 22 [174 P.2d 244, 246-247], cert. denied, 331 U.S. 824 [67 S.Ct. 1315, 91 L.Ed. 1840].) This is precisely what plaintiffs here are attempting by their contention that they are entitled to the return of the property in question because the public project has since been abandoned. But the principle of abandonment does not apply in these circumstances (*O'Hara* v. *District of Columbia,* 147 F.2d 146 [79 App.D.C. 302]); where the condemnation vests a fee, the general rule is that the property does not revert to its former owner when it ceases to be used for the purpose for which it was condemned. (*Skelly Oil Co.* v. *Kelly,* 134 Kan. 176 [5 P.2d 823]; *Maguire* v. *Police Jury of Caddo Parish,* 197 La. 247 [1 So.2d 92]; *Parish of Jefferson* v. *Texas Co.,* 192 La. 934 [189 So. 580], cert. denied 308 U.S. 601 [60 S.Ct. 138, 84 L.Ed. 503]; *Wright* v. *Walcott,* 238 Mass. 432 [131 N.E. 291, 18 A.L.R. 1242]; *Valentine* v. *Lamont,* 25 N.J.Super. 342 [96 A.2d 417], aff'd, 13 N.J. 569 [100 A.2d 668], cert. denied, 347 U.S. 966 [74 S.Ct. 776, 98 L.Ed. 1108]; *Pifer* v. *Board of Education,* 25 Ohio App. 469 [159 N.E. 99]; *Fischer* v.

*Oklahoma City, supra; Vilbig* v. *Housing Authority of the City of Dallas,* (Tex.Civ.App) 287 S.W.2d 323; *Jackson* v. *City of Abilene,* (Tex.Civ.App.) 281 S.W.2d 767; *Chesapeake & Ohio Canal Co.* v. *Great Falls Power Co.,* 143 Va. 697 [129 S.E. 731], cert. denied, 270 U.S. 650 [46 S.Ct. 350, 70 L.Ed. 780].) Any other rule would mean that there never could be any finality to a judgment in a condemnation proceeding.

■ Property acquired in fee simple by a public body for a particular public purpose may nevertheless be diverted to another use. (*Ritzman* v. *City of Los Angeles,* 38 Cal.App.2d 470 [101 P.2d 541]; *Reichelderfer* v. *Quinn,* 287 U.S. 315 [53 S.Ct. 177, 77 L.Ed. 331, 83 A.L.R. 1429].) In the Reichelderfer case, relied upon in the Ritzman case (pp. 476-477) park lands acquired in fee under an act of Congress were by a later act of Congress directed to be used in part for another purpose. It was held that since the government had acquired the fee to the lands it did not, by dedicating the lands to a park use, purport to deprive itself of the power to change that use and devote the land to another purpose. In *Jackson* v. *City of Abilene, supra,* the court, quoting from 18 Am.Jur., Eminent Domain, section 124, stated (p. 768): "When land has been acquired for the public use in fee simple unconditional, either by the exercise of the power of eminent domain or by purchase, the former owners retain no rights in the land, and the public use may be abandoned or the land may be devoted to a different use without any impairment of the estate acquired or any reversion to the former owners." The reason underlying this principle is that it enables public bodies to meet changing conditions. (See *Ritzman* v. *City of Los Angeles, supra,* p. 475.)

It is clear from the foregoing that plaintiffs have not stated facts sufficient to entitle them to any relief. When the judgment in the condemnation case became final plaintiffs were divested of all interest in the property regardless of the purpose for which the property might later be used.

■ Plaintiffs argue that their complaint may be sustained as the common law writ of audita querela. This writ does not exist in California. (3 Witkin, California Procedure, p. 2463; see *Eureka Cas. Co.* v. *Municipal Court,* 136 Cal.App. 261 [28 P.2d 709].) Its function is covered by Code of Civil Procedure, sections 473 and 657. (*Eureka Cas. Co.* v. *Municipal Court,* 136 Cal.App. 195, 196 [28 P.2d 708].)

Plaintiffs rely upon *Application of Gillespie,* 172 Misc. 1041 [17 N.Y.S.2d 15]. That case is not applicable here. It in-

volved the vacation of an award obtained by means of false representations. The New York Central Railroad had prevailed in an action to reimburse it for future maintenance of the abutments and foundations of a bridge, the cost of which, according to the railroad, would be greatly increased by the release of flood waters at its base by the city. After the railroad had obtained an award based upon the anticipated expense of future maintenance of the bridge, it was discovered that the company had been prosecuting before the Interstate Commerce Commission a petition for leave to abandon the line which the bridge served. The award was vacated because it was based upon the future cost of maintaining a structure which the railroad was in the process of abandoning. In the instant case there is no question as to the bona fides of the Housing Authority in procuring the judgment in the condemnation proceeding.

The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 17, 1958. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.