20788. ALLEN *et al. v.* CITY COUNCIL OF AUGUSTA *et al.*

ARGUED FEBRUARY 8, 1960—DECIDED MARCH 16, 1960.

780

*Congdon, Holley & Smith,* for plaintiffs in error.

*E. D. Fulcher, Fulcher, Fulcher, Hagler & Harper,* contra.

DUCKWORTH, Chief Justice. Able counsel on both sides have cited numerous decisions of this court dealing with the power

of courts to review findings of fact made by legislative bodies; and also many decisions holding that courts will review municipal ordinances and hold them to be void if found unreasonable. But in the view we take of this case it is unnecessary for us to consider any of such cases because they are inapplicable.

By an amendment to the Constitution (Ga. L. 1953, Nov.-Dec. Sess., p. 538), which was ratified by a vote of the people, the historic constitutional protection of private property, except for public purposes, was voluntarily surrendered by the people themselves. Thus this court is without power to protect such property as was done in *Housing Authority of City of Atlanta* v. *Johnson,* 209 *Ga.* 560 (74 S. E. 2d 891). This condition was referred to in *Bailey* v. *Housing Authority of City of Bainbridge,* 214 *Ga.* 790 (107 S. E. 2d 812). The Constitution as thus amended allows the General Assembly to provide by law that any city or town or housing authority "may undertake and carry out slum clearance and redevelopment work. . ." Neither "slum" nor "redevelopment" is defined in the Constitution. Together they may encompass areas as wide as the individual notions and tastes of city councilmen. The amendment expressly authorizes taking property from private owners by the power of eminent domain and then selling it to other private parties for private use. In keeping with sweeping powers conferred by the constitutional amendment, the legislature enacted a law (Ga. L. 1955, p. 354) which is likewise almost limitless in scope. Section 19(h) of that act defines "slum area" so broadly that it can apply to almost any area. It provides that either "open spaces" or "high density of population" may constitute a "slum area." It requires not that all buildings in the area come within some one of the conditions prescribed, but that a "predominance" of the buildings do so. Thus some buildings less than the predominance can not escape no matter how perfect they may be or how important they are. This entire case hinges upon section 5 of the act, which provides: that "No municipality shall exercise any of the powers hereafter conferred upon municipalities by this act until after its local governing body shall have adopted a resolution finding that: (1) one or more slum areas exist in such municipality and (2) the rehabilitation, conservation, or rede-

velopment, or a combination thereof, of such area or areas, is necessary in the interest of the public health, safety, morals or welfare of the residents of such municipality." It must be noted that it is not required that any evidence or proof be taken or considered, but simply that a resolution be adopted so finding. This could only mean that the officials concerned exercise their own judgment based upon what they know or believe and make their findings. The very nature of matters required to be found by the resolution shows them not capable of being brought under judicial determination. Upon what standards would a court adjudicate "morals or welfare" as therein referred to. As was said in *Bailey* v. *Housing Authority of the City of Bainbridge*, 214 Ga. 790, 792, supra, "to enter into such a field of investigation would be like embarking upon the sea without rudder or compass." The act requires merely the adoption of a resolution finding the existence of these facts. That has been done in this case, and the courts can require no more in that respect than did the legislature. However much as individuals we may deplore the surrender by the people of their rights, as Justices of this court we unhesitatingly follow and apply the law as the people have written it. The ordinance is not subject to any of the attacks made upon it, and the court did not err in dismissing the petition based upon such attack.

<div align="center">

*Judgment affirmed. All the Justices concur.*