## 36356. GALLOWAY et al. v. BOARD OF COMMISSIONERS OF BANKS COUNTY et al.

MARSHALL, Justice.

This is an action for declaratory judgment and injunctive relief brought by citizens and taxpayers of Banks County against the Board of Commissioners of Banks County.

In three separate condemnation proceedings in 1968 and 1970, Banks County condemned fee simple title to approximately 31 acres of land in the Middle Fork Broad River Watershed. The petitions, pleadings, and judgments in each proceeding state that the county is bringing the condemnation proceeding in the exercise of its power of eminent domain under Ga. L. 1964, p. 234 et seq. (Code Ch. 36-14), and that the properties are being condemned for watershed, flood control, and soil conservation purposes.

Code Ann. § 36-1401 grants counties the powers of eminent domain for the purpose of developing watershed projects and instituting flood control. In addition, Code Ann. § 36-1402 grants counties the power of eminent domain for certain public parks, playgrounds, recreation centers, or other recreation facilities, to be developed in connection with the development or construction of watershed or flood control projects.

There is a lake on the subject property, which has been used by the public for recreational purposes from 1973 until 1979. However, in 1979, the Board of Commissioners of Banks County closed this lake to the public. The plaintiffs in this suit seek to enjoin the Board of Commissioners from doing this. The superior court entered judgment in favor of the commissioners, on the ground that the county condemned the property for watershed purposes under Code Ann. § 36-1401, but not for recreation purposes under Code Ann. § 36-1402. The plaintiffs appeal.

In this appeal, the commissioners argue that the lake on the subject property cannot be used by the general public for recreational purposes, because the property was condemned under a special statute for the specific purpose of watershed protection and flood control. We disagree.

Where a local governing authority has, in good faith, condemned property in fee simple for a public use, the condemnor, without the necessity for bringing another condemnation proceeding, may abandon the specific use for which the property was taken and devote the property to another public use. United States v. Three Parcels of Land, 224 FSupp. 873 (D.C. Alaska, 1963) and cits.; Arechiga v. Housing Auth. of City of Los Angeles, 159 Cal. App. 2d 657 (324 P2d 973) (1958); Carroll v. Newark, 108 NJL 323 (158 A 458); 79 ALR 509

(1932); Seattle Land and Improvement Co. v. Seattle, 37 Wash. 274 (79 P 780) (1905). See also Reichelderfer v. Quinn, 287 U. S. 315 (53 SC 177, 77 LE 331) (1932). See generally, 26 AmJur2d 806, Eminent Domain, § 144. In fact, this court has held in *Sadtler v. Atlanta,* 236 Ga. 396 (223 SE2d 819) (1976), that where a governing body condemns lands in fee simple, the failure to use the lands for the purpose for which they were condemned does not cause title to revert to the original owners. The logical corollary to the holding in *Sadtler* is that where property is not ultimately used for the purpose for which it was originally condemned, it may be devoted to another proper public use. The very existence of Code Ann. § 36-1402 illustrates that where property condemned for watershed projects and flood control is not ultimately used for these purposes, using lakes on the property as public recreational facilities is a proper, alternative public use. See United States v. City of McAlester, Oklahoma, 410 FSupp. 848 (E.D. Okla. 1976).

*Judgment reversed. All the Justices concur.*

SUBMITTED JUNE 13, 1980 — DECIDED
SEPTEMBER 9, 1980 —
REHEARING DENIED OCTOBER 3, 1980.

*David C. Jones, Jr.,* for appellants.
*Joseph A. Griggs, Jack S. Davidson, Albert Sidney Johnson, Benning M. Grice, Jr.,* for appellees.

ADDENDUM ON MOTION FOR REHEARING.

The appellees in this case have filed a motion for rehearing, arguing that we erred in holding that the public has a right to use the lake on the subject property for recreational purposes, because the appellees, in their capacity as County Commissioners, have the authority to determine whether or not the lake should be open for public recreational use. Although we do not disagree with the general proposition that, within legal limits, the appellees, as County Commissioners, have the authority to determine whether the property should be used by the public for recreational purposes, the appellees' initial argument before this court was to the contrary. That is, the appellees argued, in effect, that they had no authority to allow the public to use this property for recreational purposes under § 36-1402, since the property had been condemned for watershed purposes under § 36-1401. This is what the trial court ruled, and our reversal of the trial court's order was based on our conclusion that where the property is condemned in good faith for watershed purposes under § 36-1401, the property may be used for recreational

purposes under § 36-1402 as a permissible, alternative public use, without the necessity for reinstituting condemnation proceedings. We adhere to this ruling.

*Motion for rehearing denied. All the Justices concur.*