76 F.3d 388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose PRADO-PEREZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70582.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1996.*
Decided Jan. 23, 1996.
 
 Before: LAY**, GOODWIN and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Prado-Perez appeals from two orders: (1) the Board of Immigration Appeal's denial of Prado-Perez's motion to reopen his deportation proceedings; and (2) the Legalization Appeals Unit's denial of legalization benefits. Both claims rest on Prado-Perez's contention that the granting of a writ of audita querela vacated his state criminal conviction, thus changing his status in regard to legalization and deportation. We affirm.
 
 I.
 
 3
 In 1988 Prado-Perez was found deportable for having entered the United States without inspection. The immigration judge denied his application for relief from deportation due to a 1984 conviction for the possession for sale of a controlled substance in the state of California. We affirmed. Prado-Perez v. I.N.S., No. 91-70520 (9th Cir.1993).
 
 
 4
 During the pendency of Prado-Perez's deportation proceedings, he also filed for legalization under the Legalization Program of the Immigration and Nationality Act. Legalization was denied on the basis of his conviction.
 
 
 5
 On January 9, 1990 the Superior Court for the State of California granted a writ of audita querela, vacating Prado-Perez's conviction. Prado-Perez's attempts to reopen his deportation proceedings and appeal his denial of legalization failed. He now urges this Court to hold that the writ vacates his conviction for the purposes of the federal immigration laws.
 
 II.
 
 6
 There is some question whether a writ of audita querela exists today in the State of California. At least one California appellate court has held that it does not, at least regarding relief from the effects of civil judgments. Arechiga v. Housing Authority of City of Los Angeles, 159 Cal.App.2d 657, 324 P.2d 973 (Cal.Dist.Ct.App.1958).
 
 
 7
 Nonetheless, even if California recognizes the writ for criminal judgments, the writ of audita querela is an equitable tool, designed to relieve a criminal defendant of the effect his conviction may have on some benefit otherwise available. Unlike a judgment on the merits, it serves merely to relieve defendant of the continuing effects of his crime, much like an expunction. Even though a California narcotics conviction has been expunged, it still may have negative consequences. See de la Cruz-Martinez v. INS, 404 F.2d 1198, 1199-200 (9th Cir.1968), cert. denied, 394 U.S. 955 (1969). This being so, in the circumstances of this case we decline to recognize the writ as vacating Prado-Perez's narcotics conviction.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable Donald P. Lay, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3