A06A0393. TALLEY v. HOUSING AUTHORITY OF COLUMBUS, GEORGIA.
(630 SE2d 550)

PHIPPS, Judge.

In this suit by Logie Talley against the Housing Authority of Columbus, Georgia (HACG), the State Court of Muscogee County granted the HACG's motion for summary judgment. Talley appeals, raising issues concerning Georgia's Urban Redevelopment Law (URL)[1] and the recent decision of the Supreme Court of the United States in *Kelo v. City of New London*.[2] For reasons which follow, we affirm.

In 1994, the HACG instituted an in rem condemnation proceeding against a subdivision lot and its owners, Talley and others. In that proceeding, the Superior Court of Muscogee County entered judgment conveying "full, complete and unencumbered fee simple title" to the property to the HACG upon payment into the court registry of $17,500 awarded by the special master to the property owners.

---

[1] OCGA § 36-61-1 et seq.
[2] 545 U. S. 469 (125 SC 2655, 162 LE2d 439) (2005).

In 2003, Talley instituted this pro se action claiming that the HACG unlawfully took the property in 1994 and demanding its return. Talley also complains that in 1999 the HACG abandoned any public use of the property and sold it to a private citizen for $42,800. The HACG moved for summary judgment on grounds that the question of the legality of the taking of Talley's property for a valid public purpose was decided adversely to him in the initial condemnation action, in a motion to set aside the condemnation judgment filed by Talley and denied by the Superior Court of Muscogee County in 1997, and in a 42 USC § 1983 action filed by Talley against the HACG in federal district court in 2004. The state court granted the motion without explanation.

1. The HACG is certainly correct in its argument that Talley's challenge to the legality of the 1994 taking is barred by principles of res judicata and collateral estoppel.[3]

2. If, however, the HACG was entitled to summary judgment on Talley's claim concerning the HACG's alleged abandonment of the public use and sale of the property to a private citizen for a substantial profit in 1999,[4] it must be on some other ground; that issue could not have been adjudicated, either in the initial condemnation proceeding in 1994 or in the motion to set aside in 1997.[5] And the record shows that although that issue was raised by Talley in federal court, his federal suit was ultimately dismissed on jurisdictional grounds. Therefore, the HACG was not entitled to summary judgment on that claim on grounds of res judicata or collateral estoppel. We conclude, however, that the HACG was indeed entitled to summary judgment on the claim on other grounds. Where a summary judgment cannot be upheld for the reasons given by the trial court, we must decide whether the summary judgment may be upheld on any other basis as a judgment that is right for any reason will be affirmed.[6]

The record shows that the condemnation proceeding was brought under the authority of URL.[7] Enacted in 1955,[8] the URL authorizes Georgia municipalities and counties, either directly or through urban redevelopment agencies or housing authorities, to exercise the power of eminent domain for the acquisition and redevelopment of urban property which has been found to be a "slum area" as defined in the

---

[3] See generally *State v. Lejeune*, 277 Ga. 749, 756 (3) (594 SE2d 637) (2004).

[4] See Note: A Profit for the Taking: Sale of Condemned Property after Abandonment of the Proposed Public Use, 74 Wash. U. L. Q. 751 (1996).

[5] See *State v. Lejeune*, supra.

[6] *Precise v. City of Rossville*, 261 Ga. 210, 211 (3) (403 SE2d 47) (1991).

[7] OCGA § 36-61-1 et seq.

[8] Ga. L. 1955, pp. 354, 355, § 1.

URL.[9] To effectuate redevelopment of condemned property, the URL authorizes a housing authority to sell, lease or otherwise transfer condemned property "for public use"; or for various specified private uses, i.e., "residential, recreational, commercial, industrial"; or for "other uses."[10]

The URL's precursor was the Redevelopment Law of 1946.[11] The 1946 law was found unconstitutional by the Supreme Court of Georgia in *Housing Auth. of the City of Atlanta v. Johnson*,[12] on grounds that the power of eminent domain could not be used to acquire private property to sell to another private person for his own private use. Following the *Johnson* decision, however, the General Assembly adopted a resolution proposing that the Georgia Constitution be amended to authorize such use of the power of eminent domain.[13] The constitutional amendment was ratified by the voters, became part of the Georgia Constitution of 1945,[14] and has been carried forward into our 1976 and 1983 Constitutions.[15] In accordance with the constitutional amendment, the General Assembly enacted the URL in 1955 and, because of the constitutional amendment, our Supreme Court reluctantly sustained the law's constitutionality.[16]

*Kelo v. City of New London*[17] has ignited a national debate on the subject of government use of the power of eminent domain by taking private property from one person and selling it to another such person or private enterprise for urban redevelopment. *Kelo* found such takings to be permissible under the Fifth Amendment of the United States Constitution and left it to the states to enact more restrictive condemnation laws if they so choose.

Georgia's nonrestrictive URL and its underlying constitutional authorization remain in place. Therefore, the HACG was entitled to summary judgment on Talley's complaint that it abandoned any

---

[9] OCGA §§ 36-61-1 through 36-61-9; 36-61-17.

[10] OCGA § 36-61-10 (a); compare *Galloway v. Bd. of Commrs. of Banks County*, 246 Ga. 472, 472-473 (271 SE2d 784) (1980) (implying that when condemnor abandons specific public use for which property was taken, it generally must devote the property to another "public" use).

[11] Ga. L. 1946, pp. 157, 158, § 1.

[12] 209 Ga. 560 (74 SE2d 891) (1953).

[13] Ga. L. 1953, Nov.-Dec. Sess., p. 538.

[14] Art. XVI of the Ga. Const. of 1945.

[15] Art. IX, Sec. IV, Par. IV of the Ga. Const. of 1976; Art. IX, Sec. II, Par. VII (a) of the Ga. Const. of 1983; see *Nations v. Downtown Dev. Auth. of the City of Atlanta*, 255 Ga. 324, 329 (2) (d) (338 SE2d 240) (1986).

[16] *Bailey v. Housing Auth. of City of Bainbridge*, 214 Ga. 790 (107 SE2d 812) (1959); see also *Allen v. City Council of Augusta*, 215 Ga. 778 (113 SE2d 621) (1960).

[17] Supra.

"public use" of the property and sold it to a private citizen for "other uses," as such disposition of condemned property is authorized by the URL.[18]

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*


DECIDED APRIL 5, 2006 —
RECONSIDERATION DENIED APRIL 26, 2006 ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Logie W. Talley, *pro se.*
*Gray, Rust, St. Amand, Moffett & Brieske, Harvey S. Gray,* for appellee.


---

[18] Because the HACG was awarded indefeasible fee simple title to the property, it might also have sought dismissal of Talley's complaints concerning its post-condemnation activities based on lack of standing. See *Sadtler v. City of Atlanta*, 236 Ga. 396 (223 SE2d 819) (1976). In response, Talley might have argued that, as a citizen and taxpayer of the municipality, he has standing to challenge "ultra vires" actions of public officials. See *Arneson v. Bd. of Trustees of the Employees' Retirement System of Ga.*, 257 Ga. 579, 580 (2) (361 SE2d 805) (1987); see also *Galloway v. Bd. of Commrs. of Banks County*, supra. In any event, the HACG did not challenge Talley's standing. We, therefore, do not decide the question.