[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10431
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 8, 2010
JOHN LEY
CLERK

D.C. Docket No. 5:09-cv-00308-CAR


LOGIE W. TALLEY,

       Plaintiff - Appellant,

  versus

COLUMBUS, GEORGIA HOUSING AUTHORITY,
CITY OF COLUMBUS, GEORGIA,
STATE OF GEORGIA,

       Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(November 8, 2010)

Before EDMONDSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Logie W. Talley, proceeding pro se, appeals the dismissal of his civil right complaint, 42 U.S.C. § 1983, for lack of subject-matter jurisdiction. No reversible error has been shown; we affirm.

Talley filed his section 1983 complaint against the Housing Authority of Columbus, Georgia, and the City of Columbus ("Defendants").[1] He alleged that, in 1994, Defendants condemned and seized his property pursuant to state eminent domain laws for an alleged urban redevelopment project. But the property never was used for a public purpose; and Defendants, in 1999, sold the property to a private citizen. Talley contended that Defendants' acts violated his constitutional rights and Georgia law. He sought to have his property returned and to be awarded money damages. The district court granted Defendants' motion to dismiss and dismissed Talley's complaint pursuant to the Rooker-Feldman doctrine.[2]

On appeal, Talley repeats his substantive allegations against Defendants and

---

[1]Talley also sued the State of Georgia. But on appeal, Talley does not challenge the district court's dismissal of the State or name the State as a Defendant in his brief; so he has abandoned any challenge to that party. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

[2]D.C. Court of Appeals v. Feldman, 103 S.Ct. 1303 (1983); Rooker v. Fid. Trust Co., 44 S.Ct. 149 (1923).

argues that the <u>Rooker-Feldman</u> doctrine is inapplicable to his case because he had no opportunity to raise his claims in the initial condemnation proceedings in 1994. We review <u>de</u> <u>novo</u> a district court's determination that it lacked subject-matter jurisdiction over a plaintiff's claim in the light of the <u>Rooker-Feldman</u> doctrine.[3] <u>Nicholson v. Shafe</u>, 558 F.3d 1266, 1270 (11th Cir. 2009).

The <u>Rooker-Feldman</u> doctrine precludes federal courts -- other than the United States Supreme Court -- from reviewing final judgments of state courts. <u>Casale v. Tillman</u>, 558 F.3d 1258, 1260 (11th Cir. 2009) (explaining that the doctrine applies to federal claims previously raised and ruled on by a state court and to those claims "inextricably intertwined" with a state court's judgment). <u>Rooker-Feldman</u> bars lower federal-court jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Id.</u> at 1261 (citation omitted).

Here, Talley complained of injuries caused by the 1994 state court condemnation judgment; this judgment concluded that the taking was constitutional. Here, Talley also complained that Defendants abandoned any

---

[3]In addition, we construe liberally <u>pro</u> <u>se</u> pleadings. <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998).

public use of the property and sold it to a private citizen. Talley raised this claim in a separate state proceeding in 2003. The state appeals court concluded that such disposition of the condemned property was authorized under Georgia law and that Defendants were entitled to summary judgment on Talley's claim. Talley v. Housing Auth., 630 S.E.2d 550 (Ga. Ct. App. 2006).

We conclude, as did the district court, that the Rooker-Feldman criteria are satisfied. Talley was a state-court loser in both the 1994 state condemnation proceedings and the 2003 state court proceeding. The state court judgments formed the basis of or were intertwined with the injuries complained of in Talley's instant complaint: that the taking of his property and its later sale to a private citizen without the property ever having been used for a public purpose violated his federal constitutional rights and Georgia law. The state court proceedings had ended before Talley instituted the present federal lawsuit in the district court. And Talley, in effect, wanted the district court to review and reject the state court judgments about his condemnation proceedings. See Casale, 558 F.3d at 1261.

Talley argues that his claim about Defendants' abandonment of a public use and later sale of the property to a private citizen could not have been raised in his initial condemnation proceedings. Even if this argument is true, Talley later raised this challenge in state court and attached evidence of this challenge to his

4

pleadings in the instant case.  Talley also argues that his prior federal case about his condemnation proceedings -- filed in 2004 -- did not address his instant argument about the sale to a private citizen.  But the prior federal court proceeding does not bear on whether the <u>Rooker-Feldman</u> doctrine, which is tied to state court proceedings, barred the instant lawsuit.[4]

Because we agree with the district court that the <u>Rooker-Feldman</u> doctrine barred Talley's present challenges, we need not address Talley's remaining arguments about the district court's alternative grounds for dismissal.  <u>See</u> <u>Casale</u>, 558 F.3d at 1259 n.1.

AFFIRMED.

---

[4]Although the district court was ruling on a motion to dismiss, the court properly examined extrinsic documents detailing Talley's previous state and federal court cases that related to the condemnation of his property: the cases were central to Talley's instant federal claim.  <u>See</u> <u>SFM Holdings, Ltd. v. Banc of Am. Sec., LLC</u>, 600 F.3d 1334, 1337 (11th Cir. 2010) (in ruling on a motion to dismiss, the court may consider extrinsic evidence if it is central to plaintiff's claim and its authenticity is not challenged).