Filed 7/9/14  Cullison v. Central Mortgage CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| SHERRY CULLISON,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CENTRAL MORTGAGE COMPANY,<br><br>        Defendant and Appellant. | A139664<br><br>(Contra Costa County<br>Super. Ct. No. C12-01022) |

Sherry Cullison brought this case against her mortgage servicer, Central Mortgage Company (CMC), for fraud and promissory estoppel.  The trial court granted CMC's motion for judgment on the pleadings without leave to amend.  Cullison requests that we vacate the court's judgment under Code of Civil Procedure section 473, subdivision (b).[1] We deny Cullison's request because it is deficient for both procedural and substantive reasons.  Accordingly, we affirm.

I.

FACTUAL AND PROCEDURAL
BACKGROUND

In late 2006, Cullison refinanced her property in Martinez, and CMC has serviced her mortgage since then.  In January 2013, she filed a complaint against CMC for fraud and promissory estoppel, alleging that CMC engaged in "predatory and fraudulent" lending practices.  (Boldface omitted.)  CMC moved for judgment on the pleadings, which Cullison opposed.  After a contested hearing, the trial court ruled that Cullison's

---

[1] All further statutory references are to the Code of Civil Procedure.

1

complaint "fail[ed] to state a cause of action" and denied her leave to amend. Cullison did not seek relief from the judgment under section 473, subdivision (b) in the trial court before filing this appeal.

## II.
### DISCUSSION

Cullison requests that we vacate the trial court's judgment under section 473, subdivision (b) because the judgment was a product of "mistake, inadvertence, surprise, or neglect." We decline to do so because Cullison (1) did not move for relief under this statute in the trial court; (2) fails to comply with the statute's own procedural requirements; and (3) does not identify the nature of any mistake, inadvertence, surprise, or neglect. We discuss each of these reasons in turn.

First, a motion under section 473, subdivision (b) may not be made in the appellate court in the first instance. The statute provides that "[a] court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." Cullison claims that "the Court of Appeal may retain jurisdiction to entertain and grant a motion" under this section. She is incorrect. (*Weaver v. Fickett* (1925) 196 Cal. 401, 404 ["any occasion for application for relief under [section 473] should be addressed to the trial court"]; *Eureka Casualty Company v. Municipal Court of the City of Los Angeles* (1934) 136 Cal.App. 261, 262 [motion under section 473 "must be made in the court of original jurisdiction"].) The only authority Cullison cites does not support her position. (*Craven v. Crout* (1985) 163 Cal.App.3d 779, 783 [*trial court* "retains jurisdiction to entertain and grant a motion" under section 473 for a limited time after judgment has been entered].)

Second, even if we could consider it, Cullison's request fails to comply with section 473, subdivision (b)'s own procedural requirements. Under the statute, an application for discretionary relief must "be accompanied by a copy of the answer or other pleading proposed to be filed therein . . ., and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding

2

was taken." (§ 473, subd. (b).) The purpose of these requirements is "to screen out those applications for relief that do not assert a potentially meritorious defense." (*County of Stanislaus v. Johnson* (1996) 43 Cal.App.4th 832, 837.) Cullison did not submit a proposed amendment to her complaint. (See *id*. at pp. 836-837.) And she failed to file her request within six months of the judgment as required. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980-981 ["relief under section 473 was unavailable" where application was untimely].) The trial court entered judgment on May 6, 2013, but Cullison did not assert her request under section 473, subdivision (b) until she filed her opening brief on December 23, 2013, over six months later.

Finally, even if Cullison had followed the proper procedure in seeking relief under section 473, subdivision (b), we would reject her request on its merits because she fails to identify any mistake, inadvertence, surprise, or neglect that could justify vacating the trial court's judgment.[2] (See *Williams v. Los Angeles Unified School Dist.* (1994) 23 Cal.App.4th 84, 105-106.)

In short, we conclude that Cullison's claim is entirely without merit.[3]

---

[2] We also reject Cullison's argument that the trial court erred by granting CMC's motion for judgment on the pleadings without leave to amend. Cullison requests that we "look at the record below and render [our] own decision of the facts and law presented." She has forfeited this claim, however, by failing to point to any error in the court's ruling. (*People v. JTH Tax, Inc.* (2013) 212 Cal.App.4th 1219, 1237 [" '[one] cannot simply say the court erred, and leave it up to the appellate court to figure out why' "].)

[3] In light of our decision, we deny as unnecessary CMC's motion to augment the record.

## III.
### DISPOSITION

The judgment is affirmed.

_____

Humes, J.

We concur:

_____

Ruvolo, P. J.

_____

Rivera, J.

4