26371.   PYE v. STATE HIGHWAY DEPARTMENT.

NICHOLS, Justice. This is the second appearance of this case before the court. See *Pye v. State Highway Dept.,* 226 Ga. 389 (175 SE2d 510). After the judgment of the trial court was affirmed by this court, the appellant unsuccessfully sought to obtain a review by the United States Supreme Court. Thereafter the remittitur for this court was made the judgment of the trial court and judgment in blank for court costs was rendered as a part thereof. It is from this judgment that the present appeal was filed. *Held:*

The effect of the affirmance of the judgment of the trial court in this case was to remand the case for a trial on the issue of just and adequate compensation of the appellant's property. The judgment of the trial court making the judgment of this court the judgment of that court was not a final judgment and was not, under any circumstances, save a certificate of the trial judge authorizing an immediate review, an appealable judgment. See *Fife v. Johntson,* 225 Ga. 447 (169 SE2d 167), and citations.

Nor would the adjudication of costs in such judgment render the judgment one from which an appeal could be taken without a certification of the trial court since the proper procedure to reassess costs, if they are illegally assessed, is a motion in the trial court. See *McDonald v. Dabney,* 161 Ga. 711 (13) (132 SE 547).

The appeal in *Walden v. Whitney,* 201 Ga. 65 (38 SE2d 744), was from a judgment on a motion to assess costs which had been ruled upon adversely to the movant.

The appeal not being authorized, must be dismissed.

*Appeal dismissed. All the Justices concur.*
DECIDED MARCH 1, 1971.

Durwood T. Pye, *pro se, Louis M. Groover, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Assistant Attorney General, Marshall R. Sims, Deputy Assistant Attorney General, E. J. Summerour, E. Lewis Hansen,* for appellee.