29200. RICHMOND COUNTY PROPERTY OWNERS ASSOCIATION et al. v. AUGUSTA-RICHMOND COUNTY COLISEUM AUTHORITY et al.

NICHOLS, Presiding Justice.

Richmond County Property Owners Association, and others filed a complaint in the Richmond County

Superior Court seeking to have declared unconstitutional the Act creating the Augusta-Richmond County Coliseum Authority (Ga. L. 1973, p. 3042) as amended by the Act of 1974 (Ga. L. 1974, p. 3207). The complaint also attacked a 1973 amendment to the Malt Beverage Licensing and Excise Tax Acts, the choice of the site for the construction of the coliseum, the right of the owner of such property to sell it to the authority, etc. The trial court considered each contention made by the plaintiffs and dismissed the complaint. The appeal is from this judgment.

1. One contention that the Act creating the Augusta-Richmond County Coliseum Authority (Ga. L. 1973, p. 3042) is unconstitutional is based upon the amendment to the Constitution proposed at the 1968 session of the General Assembly (Ga. L. 1968, p. 1787), and adopted as an amendment to the Constitution at the 1968 general election (Ga. L. 1969, p. 1368).

The local amendment to the Constitution dealing with the government of Richmond County and the municipalities located therein, supra, did not have the effect of limiting any authority that the General Assembly had prior to the adoption of such amendment. The language contained in the fourth numbered paragraph on Page 1790 of the 1968 Acts must be construed as reading "are cumulative of all other powers *now* held by the General Assembly, and not in lieu thereof." The italicized word appears as "not" in the enrolled copy of such resolution, but a literal reading of such sentence results in a meaningless sentence since such powers could not be in lieu of powers *not* held by the General Assembly nor could they be cumulative of powers *not* held. Compare *Lamons v. Yarbrough,* 206 Ga. 50 (55 SE2d 551).

The General Assembly had the constitutional authority to create the Coliseum Authority and the powers granted therein did not constitute an unauthorized delegation of authority by the General Assembly. Compare *Williamson v. Housing Authority of Augusta,* 186 Ga. 673, 680 (199 SE 43).

2. The complaint attacks the Act of 1973 (Ga. L. 1973, p. 328) dealt with previously in *Blackmon v. Golia,* 231 Ga. 381 (202 SE2d 186), upon the ground that such

Act provided for the use of the proceeds of such tax in counties of not less than 162,000 or more than 165,000 population. In 1974 (Ga. L. 1974, p. 1447), the General Assembly again amended the Act amended in 1973. The 1974 amendment repealed all laws and parts of laws in conflict with such amendment. The trial court held that the 1974 Act rendered moot the attack upon the 1973 Act, and that there is now no legislative mandate that such malt beverage tax be used to construct, etc. a coliseum or civic center.

The treasurer of Richmond County, who the plaintiffs contend is required to disburse such tax funds is a party to the present litigation. The ruling of the trial court precludes him from disbursing such funds under such Act. The ruling grants the plaintiffs the relief sought. Therefore, no question is presented for decision by this enumeration of error.

3. The site selected by the Augusta-Richmond County Coliseum Authority includes land owned by the Georgia Railroad and Banking Company obtained by it in 1835 under a deed wherein it covenanted that it would use this property to terminate its railroad line and also build its offices thereon. The contention is made that the railroad is without legal authority to sell the property to the Augusta-Richmond County Coliseum Authority.

The deed contained no words of forfeiture. The trial court properly held that such stipulation in the deed was a covenant and not a forfeiture which would cause title to the property to revert to the grantor upon aban-donment of the property for the purposes stipulated in the deed. Compare *Thornton v. Trammell,* 39 Ga. 202, dealing with a similar deed executed at a time when the same statutory law governing construction of deeds was in effect and indeed is in effect today. See Code § 85-503; *Fulford v. Fulford,* 225 Ga. 9, 12 (165 SE2d 848).

4. Under the decision in *Sears v. State of Ga.,* 232 Ga. 547, 552 (208 SE2d 93), any contention that two members of the authority were disqualified from acting in determining the location of the site for the building of the coliseum and civic center is without merit inasmuch as the record makes it affirmatively appear that any purported disqualification of the chairman or one named

member of the authority would not have resulted in any different vote inasmuch as the original vote for the selection of such site was eight to one in favor of the site selected and was subsequently made unanimous.

5. The erection of a civic hall and a coliseum is unquestionably for a public purpose. Compare *Tillman v. Mayor &c. of Athens,* 206 Ga. 289 (56 SE2d 624).

6. The contention of the plaintiffs in the trial court that the authority had acted ultra vires in the selection of the site is without merit. There being no cause of action stated which would authorize the grant of an injunction preventing the Authority from proceeding to obtain the property or construct the coliseum and civic center, the judgment of the trial court denying the plaintiffs an injunction was not error.

*Judgment affirmed. All the Justices concur.*

Argued September 11, 1974 — Decided October 8, 1974 — Rehearing denied October 25, 1974.

*McDonald C. Haynie,* for appellants.

*Congdon, Williams & Daniel, Robert C. Daniel, Jr., Maguire & Kilpatrick, Samuel F. Maguire, John Bell,* for appellees.