30490. SADTLER et al. v. CITY OF ATLANTA et al.

GUNTER, Justice.

This appeal poses one issue for decision: whether the Georgia Department of Transportation, as grantee from the City of Atlanta of lands condemned by the City of Atlanta, owns fee simple title to the lands, or whether,

because of the failure to use the lands for the purpose for which they were condemned, title reverted to the original condemnees, their heirs, or assigns.

The city acquired the lands in question in 1971 through eminent domain proceedings and then transferred them to the predecessor of what is now the Georgia Department of Transportation. The lands were acquired for the purpose of constructing I-485, a part of the Georgia Interstate Highway System. In 1974 and 1975 actions were taken by the Georgia Department of Transportation and the United States Department of Transportation to remove I-485 from the Georgia Interstate Highway System. The effect of these actions was to declare that portion of the I-485 property lying north of Ponce de Leon Avenue to be surplus property. Appellants then filed their complaint contending that since the purpose and use for which the property had been originally condemned existed no longer, the title to the condemned lands reverted to the original condemnees.

The trial judge dismissed the city as a party and rendered summary judgment in favor of the Georgia Department of Transportation. Appellants have come here for review of that adverse judgment.

Appellants rely primarily on a 1954 decision of this court which found a reversionary interest in condemned land. See *City of Atlanta v. Fulton County,* 210 Ga. 784 (82 SE2d 850) (1954). However, that case cannot be controlling here, because in that case the property was condemned in 1874 when a condemning body could only acquire an easement in property for public purposes, not a fee simple title. See *State Hwy. Dept. v. Hendrix,* 215 Ga. 821 (113 SE 2d 761) (1960).

Legislation enacted in 1955 (Ga. L. 1955, pp. 559, 562) provided that specified condemning bodies could acquire property for limited-access facilities by using any one of the various methods of condemnation, and that all "real property rights acquired under the provisions of this chapter shall be in fee simple." Code Ann. § 95-1704a, now superseded by the Code of Public Transportation.

In *Marist Society of Ga. v. City of Atlanta,* 212 Ga. 115, 119 (90 SE2d 564) (1955) this court said: "The general law prior to the Act of 1955 (Ga. L. 1955, pp.

559-564), . . . authorizes condemnation of lands in fee simple. See *State Highway Dept. v. H. G. Hastings Co.,* supra. The Act of 1955 (Ga. L. 1955, pp. 559-564), in § 5, provides that 'All real property rights acquired under the provisions of this act shall be in fee simple.' The city is not, therefore, attempting to acquire a greater interest in the property than that authorized by law."

Furthermore, the Special Master Act enacted in 1957 provides that a condemning body may petition the superior court of the county having jurisdiction "for a judgment in rem against said property, or any easement or other interest in said property, condemning the same in fee simple to the use of the petitioner upon payment of just and adequate compensation therefor." Code Ann. § 36-603a.

The city, when it condemned the lands involved in this case, had the legal power to condemn the lands in fee simple. It did so, and the judgments rendered by the condemning court specifically vested fee simple title to these lands in the city. The city conveyed the lands to what is now the Georgia Department of Transportation, the appellee here, and the department now owns fee simple title in the lands involved.

The judgment of the trial court was correct.

*Judgment affirmed. All the Justices concur, except Hill, J., who is disqualified.*

ARGUED JANUARY 20, 1976 — DECIDED MARCH 8, 1976.

*Charles L. Weltner,* for appellants.

*Arthur K. Bolton, Attorney General, Bruce M. Edenfield, Assistant Attorney General, Charles M. Lokey,* for appellees.