*Joseph J. Gaines,* for appellee.

## 31448. O'QUINN et al. v. O'QUINN.

NICHOLS, Chief Justice.

Roberson O'Quinn was the father of twelve children, seven born of his marriage to Minnie McClellan and five born of his marriage to Hattie L. Hill. On October 22, 1963, prior to his death on June 29, 1964, Roberson O'Quinn executed a deed to his son Robert O'Quinn covering several tracts of land. located in Tift County, Georgia. The deed was recorded on October 25, 1963. The recited consideration in such deed was "for and in consideration of love and affection between father and son and further consideration that the son is to take care of and provide for his father during the declining years of the said father, and at his death provide a Christian burial of said father." The present action was filed by the five children born of the marriage to Hattie L. Hill, and seeks to set aside the 1963 deed to Robert O'Quinn or in the alternative, in Count 2 seeks to have Robert O'Quinn declared a trustee holding 5/12 of said properties in trust for the plaintiffs. Other relief including an accounting, 5/12 of the total monies collected by defendant or due him from the sale, rental, etc. of such properties is also sought.

The trial court sustained the defendant's motion to dismiss the action as failing to state a claim on which relief can be granted and because of the failure to join indispensable parties. The plaintiffs appeal from this judgment.

The judgment of the trial court stated: "The allegations of the complaint affirmatively show that the plaintiffs' claim is barred by the seven-year rule of limitation applicable to equitable suits attacking deeds in that the deed sought to be set aside and declared null and void was executed on October 22, 1963 and recorded on October 25, 1963 and the present suit was not filed until July 22, 1975 . . ." The appellant contends that the judgment of the trial court should be reversed inasmuch as the motion to dismiss for failure to state a claim upon

which relief could be granted did not affirmatively raise the issue of laches.

The first defense included in the defendant's answer raised the issue of the action being barred by the statute of limitation, while the second defense raised the issue of laches.

"While generally defenses such as the statute of limitation or laches must be affirmatively raised by written answer (Ga. L. 1966, p. 609, as amended; Code Ann. § 81A-108(c)), yet where the facts as to such an issue are uncontradicted, it may be disposed of by summary judgment, motion to dismiss or motion for judgment on the pleadings. Compare *Ezzard v. Morgan,* 118 Ga. App. 50, 51 (162 SE2d 793) cited approvingly in *Miller v. Columbus,* 229 Ga. 234 (190 SE2d 535)." *Beazley v. Williams,* 231 Ga. 137, 138 (200 SE2d 751) (1973). The issue of laches, raised by the defendant's answer, could be passed upon by the trial court when the motion to dismiss was heard.

Where, as in this case, the deed sought to be set aside was executed on October 22, 1963, and recorded on October 25, 1963 and no action was taken to set aside such deed until July 22, 1975, approximately 12 years after the deed was executed and 11 years after the death of the plaintiff's father, which facts were shown on the face of the complaint, the judgment of the trial court dismissing the complaint upon the ground that such action was barred by the seven-year rule of limitation applicable to equitable suits attacking deeds must be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 20, 1976 — DECIDED SEPTEMBER 29, 1976.

*Crosby & Hege, David Roy Hege,* for appellants.
*Reinhardt, Whitley & Sims, Glenn Whitley,* for appellee.