## 31633, 31634. DEPARTMENT OF TRANSPORTATION et al. v. KNIGHT et al.; and vice versa.

HALL, Justice.

The single substantive issue for decision on this interlocutory appeal is quite similar to the issue we recently decided in *Sadtler v. City of Atlanta,* 236 Ga. 396 (223 SE2d 819) (1976). We must decide here whether the Department of Transportation as the successor to the State Highway Department owns certain land purchased by that department for Georgia Interstate Highway I-485 in fee simple, or whether because it has now been determined that I-485 will not be built, title to the land has reverted to the former owners. Thus, the only distinction between *Sadtler* and this case is that here the land was acquired by deed; in *Sadtler* land for the same project was acquired by condemnation.

We conclude that the Department of Transportation has fee simple title to this land.

The facts surrounding the conveyance of this land for the I-485 right of way are similar to those set out in *Sadtler,* except that the Knights' land lay south of Ponce de Leon and has not subsequently been declared to be surplus property. Following the abandonment of the limited access road project, this lawsuit in 11 counts was brought by the Knights against Department to regain their land and collect damages. Department filed a motion to dismiss as to each count. The only counts to be considered here are 8 and 10, which the trial court refused to dismiss — all other counts were dismissed or withdrawn. Department sought and was granted an interlocutory appeal as to these counts only. Because the court accepted and considered affidavits filed by both parties, the issues are before us in the stance of denials of Department's motions for summary judgment on these claims. See Code Ann. § 81A-112 (b).

The heart of Count 10 is a claim that what was transferred to Department was an easement only — not fee simple title to the land — and upon failure of the project for which the easement was sought the easement was abandoned and ended.

Count 8 is not by its terms limited to a specific theory, but asserts that the conveyance was limited to the creation of a right of way for I-485, and lost force as a conveyance when this purpose could no longer be realized. Count 8 thus embraces a claim of a conditional fee, or a covenant.

Our question is whether as a matter of law the conveyance may be said to be that of a fee simple or some other estate in land, or whether some issue of fact yet remains to be determined. In conveyancing, the intent of the parties is of prime importance. *Johnson v. Valdosta, M. & W. R. Co.,* 169 Ga. 559, 563 (150 SE 845) (1929). See Code Ann. § 85-503. Department clearly intended to purchase a fee simple estate. This conclusion follows from examination of the laws governing the acquisition. This land was acquired by Department pursuant to the Limited Access Highway Act (Ga. L. 1955, pp. 559-564; Code Ann. § 95-1701 (a) et seq.) (now superseded by the Code of Public Transportation). As we wrote in *Sadtler,* the legislation required condemning bodies to acquire real property rights in fee simple. The option contract signed by the Knights on this land granted Fulton County the right to acquire the land in fee simple.

The deed signed by the Knights contains the following granting clause: "Now, therefore, in consideration of the benefit to said property by the construction and maintenance of said road, and in consideration of one dollar ($1.00) in hand paid, the receipt whereof is hereby acknowledged, I do hereby grant, sell, and convey to said State Highway Department of Georgia, *and their successors in office so much land as to make a right of way for said road* as surveyed being more particularly described as follows: *All that tract or parcel of land. . ."* (Emphasis supplied.) The habendum clause of the instrument of title provides, "To have and to hold the said conveyed premises in fee simple."

Our conclusion from the record is that the Knights also intended to convey a fee simple estate. Nothing in their affidavits makes a contrary allegation on this issue. Thus, we have solely a question of law: What estate was actually conveyed by the language of this document under these circumstances? We note initially that every

properly executed conveyance "shall be construed to convey the fee, unless a less estate is mentioned and limited in such conveyance." Code Ann. § 85-503. Thus, the presumption is that a fee simple was conveyed here, see *Frost v. Dixon*, 204 Ga. 268, 271 (49 SE2d 664) (1948) unless the Knights point to language creating a different estate.

We cannot accept the argument that a conditional estate was created. The only basic difference between an estate upon conditional limitation and upon condition subsequent is that upon the stated event the former determines automatically and the latter requires re-entry. *Franks v. Sparks*, 217 Ga. 117, 121 (121 SE2d 27) (1961). "No precise technical words are required to create a limitation or a condition subsequent and the construction must always be founded upon the intention of the parties as disclosed in the conveyance. However, the words used may serve as guides to construction. Words of time such as 'so long as,' 'while,' 'until,' 'during,' usually denote limitation. Words of qualification or condition such as 'provided,' 'upon condition,' are most often used to create conditions subsequent." Id. E.g., *Atlanta Consol. Street R. Co. v. Jackson*, 108 Ga. 634 (34 SE 184) (1898) ("so long as"); *Lawson v. Ga. S. & F. R. Co.*, 142 Ga. 14, 16 (82 SE 233) (1914) ("to have and to hold . . . for railroad purposes only, and for the time that they shall so use it"). See generally Code Ann. Ch. 85-9. No such words appear in the deed before us.

"A deed will not be construed as a grant on condition subsequent, unless the language used by express terms creates an estate on condition, or unless the intent of the grantor to create a conditional estate is manifest from a reading of the entire instrument." *Thompson v. Hart*, 133 Ga. 540 (1) (66 SE 270) (1909). Accord, *Self v. Billings*, 139 Ga. 400 (77 SE 562) (1912). The Knights point to the words "to make a right of way for said road" as constituting a limited purpose. These words do not alone create a conditional estate. *Johnson v. Valdosta, M. & W. R. Co.*, 169 Ga. 559, 564, supra; *Tift v. Savannah, F. & W. R. Co.*, 103 Ga. 580 (30 SE 266) (1897); *Lawson v. Georgia S. & F. R. Co.*, supra.

We conclude that this deed conveyed the land in fee

simple to Department, and did not grant a mere easement or conditional estate. The deed repeatedly refers to the "land" which is to be granted, and says the grant is in "fee simple."

It is true, as the Knights urge, that there are some flaws and omissions in this deed. It was a form deed, and because all the Knights' land was to be taken, the deed's recital that part of the consideration was the benefit to other lands of grantor was meaningless. This, however, does not void the deed. *Harry v. Griffin,* 210 Ga. 133 (1) (78 SE2d 37) (1953). The record shows that other consideration was paid and accepted. The omission of the word "bargained" from the granting clause; the fact that the habendum's reference to fee simple is not said to be "forever" or "absolute"; and other omissions of formal language are without significance. See Code Ann. § 85-503. Neither does it matter that the grant was not both to successors *and assigns. Featherston Mining Co. v. Young,* 118 Ga. 564 (1) (45 SE 414).

The Knights argue that the deed was upon condition precedent, and this condition was the construction of the highway. Not only does the language of the deed fail to bear out this reading but such a reading would have the peculiar effect of requiring that all the construction be done as an act of trespass because the estate could not pass to Department until construction through the Knights' land was completed, fulfilling the condition precedent. Plainly, this unworkable result, which is without textual support in the deed, was not intended.

Considering the Knights' argument that an easement was created, "In determining whether an instrument grants an easement in or conveys title to the land embraced therein, the crucial test is the intention of the parties, and the whole instrument must be looked to, and recitals in the instrument, subject matter, object, purpose, and nature of restrictions or limitations, if any, or the absence of such, and attendant facts and circumstances of the parties at the time of making the instrument are all to be considered. Code § 29-109; *Jackson v. Rogers,* 205 Ga. 581 (54 S. E. 2d 132), and cit." *Danielsville &c. Tel. Co v. Sanders,* 209 Ga. 144, 145 (71 SE2d 226) (1952).

We conclude that the intention here to grant an estate in fee simple was manifest from the entire transaction. We have studied the cases advanced by the Knights in support of their easement contention, and find them all distinguishable.

Similarly, we reject the argument that this deed created a covenant under which Department could only use the land for highway purposes. We find this language insufficient to create a covenant, intent to create which must be manifested by the document. *Taylor v. Smith,* 221 Ga. 55, 56 (142 SE2d 918) (1965). See generally, *Richmond County &c. Assn. v. Augusta-Richmond County Coliseum Auth.,* 233 Ga. 94, 96 (210 SE2d 172) (1974); *Fulford v. Fulford,* 225 Ga. 9 (165 SE2d 848) (1969); *Johnson v. Hobbs,* 149 Ga. 587 (101 SE 583) (1919); *Thornton v. Trammell,* 39 Ga. 202 (1869).

Because we conclude that fee simple title passed under this deed to Department, it follows that the trial court erred in refusing to dismiss Counts 8 and 10 under which the Knights sought to cancel the deed, regain the land and damages, prohibit Department from using the land for other highway purposes, and other relief. We rule that these counts failed to state a claim for relief. It has not been necessary to consider or rule upon Department's affirmative defenses to those counts.

Subsequent to the grant of this interlocutory appeal, the appellees filed a cross appeal enumerating error on other interlocutory orders. The appeal of interlocutory orders is allowed only upon the procedures outlined in Code Ann. § 6-701 (a) 2. Code Ann. § 6-701 (b) which allows the review of ancillary rulings, and Code Ann. § 6-803, relating to cross appeals, are limited to appeals from a final judgment.

*Judgment in 31633 reversed. All the Justices concur. Cross appeal in 31634 dismissed. All the Justices concur, except Jordan, Ingram and Hill, JJ., who dissent.*

ARGUED OCTOBER 13, 1976 — DECIDED JANUARY 6, 1977 — REHEARING DENIED JANUARY 27, 1977.

*Arthur K. Bolton, Attorney General, Richard L.*

*Chambers, Deputy Attorney General, Marion O. Gordon, Senior Assistant Attorney General, Bruce M. Edenfield, Assistant Attorney General,* for appellants.

*Parker, Groover, Pye & Poss, Durwood T. Pye, Patrick, Sidener, Bryant & Hammer, Griffin Patrick, Jr., Henry R. Bauer, Jr.,* for appellees.

HILL, Justice, dissenting.

I dissent from the dismissal of the cross appeal in 31634.

After the trial court certified and this court granted the Department's application for interlocutory appeal, the Department filed its notice of appeal. The appellee then filed a cross appeal.

Code Ann. § 6-803(a) provides that "In civil cases, the appellee may institute cross-appeal by filing notice thereof within 15 days from service of the notice of appeal by appellant, and the appellee may present for adjudication on the cross-appeal all errors or rulings adversely affecting him, and in no case shall the appellee be required to institute an independent appeal on his own right. . ."

Contrary to what the majority opinion implies, there is nothing in Code Ann. § 6-803 which says that cross appeals are limited to appeals from final judgments. What the majority is saying is that they have decided that cross appeals should be limited to appeals from final judgments. Although I could agree with the majority as a matter of judicial philosophy, I cannot agree with them as a matter of statutory interpretation and I therefore dissent. See my dissenting opinion in *Marietta Yamaha, Inc. v. Thomas,* 237 Ga. 840, 843 (229 SE2d 753) (1976).