32250. KNIGHT et al. v. DEPARTMENT OF TRANSPORTATION et al.

HALL, Justice.

This appeal brought by Mr. and Mrs. Knight is a continuation of the litigation in *Dept. of Transportation v.*

*Knight,* 238 Ga. 225 (232 SE2d 72) (1977), involving the now-defunct Georgia Interstate Highway I-485. The facts were set forth in that decision and require no repetition. Our ruling in the cited decision was made upon the department's interlocutory appeal. We ruled that Counts 8 and 10 of the Knights' petition failed to state a claim for relief. The Knights' attempted cross appeal, urging error in the dismissal of the remaining counts of their eleven-count complaint, was dismissed as not properly before this court upon the department's interlocutory appeal. The issues now ripe for decision on this appeal include whether these counts were properly dismissed.

The land in question was the site of the Knights' former home. Their equitable petition sought cancellation of the deed by which they conveyed it to department for the projected highway, plus damages and other relief. The deed was executed September 20, 1967. The petition was filed April 9, 1975.

1. (a) The Knights' assertion in Count 1 that the deed is void because the recited consideration of $1 was never paid, is without merit. We wrote in the earlier decision that consideration was actually paid and accepted. 238 Ga. at 228. Specifically, the Knights were paid $11,475 for this land, receipt of which they do not dispute. In any event, failure to pay the recited consideration will not alone void the deed. *Harry v. Griffin,* 210 Ga. 133 (78 SE2d 37) (1953).

(b) Nor is the deed void for mutual mistake, the alleged mistake being failure to know that the highway would not be built. The kind of mistake for which equity may cancel a contract is a mistake of a past or present material fact. *Callan Court Co. v. C & S Nat. Bank,* 184 Ga. 87, 130-131 (190 SE 831) (1937). The Knights urge that a then-"present" mistake was made in believing the highway would be built; but if this were true, there would be nothing left of the principle that mistake as to a future event is not relievable in equity. Here, at the time the deed was made, the highway was truly scheduled to be built. There was no "mistake."

*Whipple v. County of Houston,* 214 Ga. 532 (105 SE2d 898) (1958), argued by the Knights, is not in point. In *Whipple,* through the mistake of not knowing *how* the

construction was to be done the landowners were in effect denied the chance to prove the actual consequential damage to their remaining land. Here, there was an outright sale of *all* land; the Knights have no remaining economic interest in the use to which the department subsequently puts the land.

2. The Knights' allegation in Count 2 that they are entitled to relief because "I-485 has been abandoned," is somewhat unclear. To the extent that this claims an automatic reverter to the former landowner, we have decided otherwise in an earlier I-485 decision. *Sadtler v. City of Atlanta,* 236 Ga. 396 (223 SE2d 819) (1976). See also *Dept. of Transportation v. Knight,* supra. The department is entitled to put the land to other uses. Code Ann. § 95A-622. In any event, since we ruled in the earlier appeal that department acquired fee simple to the land, it makes no difference if they decide to abandon a projected use of it.

3. In Count 3, the Knights asked relief because "said writing was delivered under the threat of eminent domain by said Department . . ." The Knights make no claim of fraud. The claim here is that duress should void the contract.

Duress is described in Code Ann. § 20-503: ". . . duress . . . by which the free will of the party is restrained and his consent induced, will render the contract voidable at the instance of the injured party." The proper method would be by bringing a suit in equity. See *Payne v. Terhune,* 212 Ga. 169 (91 SE2d 348) (1956). The Knights have done this. The applicable statute of limitation, however, is that applicable to equity suits, namely seven years. *Stephens v. Walker,* 193 Ga. 330, 331 (18 SE2d 537) (1942); *Harris v. Neuman,* 179 Ga. 879 (177 SE 698) (1934). This deed was executed September 20, 1967 and suit was brought April 9, 1975. This claim accordingly is barred because the period of limitation had run.

The Knights contend, however, that this is not a suit in equity subject to such a limitation, but is a "complaint for the recovery of land."

In *Wright v. Conner,* 200 Ga. 413 (37 SE2d 353) (1946), it was said that there is no statute of limitation in respect to an action to recover realty, as the Code has

substituted title by prescription for the statute. But that is inapplicable here; there is no issue of prescriptive title in this case, nor is there any void (as opposed to voidable) deed. This is a suit in equity.

"A suit by grantor against a grantee, to cancel a deed conveying land, on the ground of fraud practiced by the grantee inducing execution of the deed, and to recover possession of the land and mesne profits, is not a suit respecting title to land, . . . but is a suit for equitable relief . . . [Cits.]" *Chosewood v. Jones,* 146 Ga. 804 (92 SE 646) (1917).

4. The Knights' assertion in Count 6 that the transaction amounted to an unconstitutional "taking" of their property, is patently wrong. This transfer was by deed, for an agreed-upon price. To the extent that the Knights argue that their agreement to the price was not totally voluntary, they must fall back on possibilities of duress, fraud, etc., and other theories open to contracting parties. Of course, these tactics cannot be successfully pursued on these facts.

In rudimentary outline, we have already shown that "mistake" is inapplicable. If the property was transferred voluntarily, however unwisely, there is no relief available. If the deed was coerced and therefore not free, our discussion of duress shows that the limitation period has run on this potential claim. If the transfer was done in the belief, fostered by the department, that the land could be and would be otherwise taken by eminent domain, and if this were untrue, (which the Knights argue vigorously), we would have either a situation of fraud, on which the seven-year period of limitation has also run; or misrepresentation of law, which is not relievable in equity (Code Ann. § 105-302; *Gignilliat v. Borg,* 131 Ga. App. 182, 183-184 (205 SE2d 479) (1974); *Williams v. Dougherty County,* 101 Ga. App. 193 (113 SE2d 168) (1960)); or misrepresentation of fact, concerning which the Knights' failure to investigate in their own behalf forecloses them (*Williams v. Lockhart,* 221 Ga. 343 (144 SE2d 528) (1965)).

The Knights further claim a taking in that department allegedly never actually needed the land; and they argue that department cannot show need, as they

attempt to do, with opinion evidence. The question of need, however, brings us full circle back to the allegations of mistake, misrepresentation, etc., which we have disposed of above.

5. The allegations of Count 9 are answered by what has been written above.

6. The Knights assert in Count 11 that the deed did not in any event convey any interest in that part of their land which was not within the proposed right-of-way. However, comparison of the legal description of premises conveyed in the deed, and the legal description of that which the Knights assert in their complaint was the *only* land they possess, shows them to be identical. Therefore, the Knights by their own assertion having conveyed all they possess, cannot claim that any land was left over. We have established in the earlier decision (238 Ga. 225), that the estate conveyed was a fee simple. Therefore, the Knights' renewed assertion that only a conditional fee or easement or the like was conveyed or that covenants were created, is without merit, because the matter has already been decided.

To the extent that the Knights claim that the deed conveyed only so much of the described land as lay within the wholly undescribed "right-of-way," the contention is totally without support in the deed language.

7. The foregoing discussion shows that the complaint was properly dismissed, and therefore moots any question whether the trial court should have or should not have dismissed the individual department members as defendants.

All enumerations being without merit, the judgment will be affirmed.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., who dissents.*

ARGUED MAY 10, 1977 — DECIDED JUNE 28, 1977 — REHEARING DENIED JULY 14, 1977.

*Pye, Groover & Pye, Durwood T. Pye,* for appellants.
*Arthur K. Bolton, Attorney General, Bruce M. Edenfield, Assistant Attorney General, Patrick, Sidener,*

*Bryant & Hammer, Griffin Patrick, Jr., Henry R. Bauer, Jr., William R. Bassett,* for appellees.