## 33178. GARRISON v. DEPARTMENT OF TRANSPORTATION.

PER CURIAM.

This is the seventh case involving unbuilt Interstate 485 (I-485) to come before this court.[1] This is an appeal from the trial court's order dismissing the August, 1975, complaint which sought cancellation of a deed to the Department of Transportation executed by appellant in October, 1967. A copy of the deed was attached to the original complaint. After our decision in *Knight v. Dept. of Transportation,* 239 Ga. 368, 370 (236 SE2d 826) (1977), in which we pointed out that the Knights claimed duress but did not claim fraud, the complaint in the present case was amended to allege fraud, duress and coercion.

---

[1] *Pye v. State Hwy. Dept.,* 226 Ga. 389 (175 SE2d 510)

However, appellant does not, indeed could not, allege that the price paid and received for the land in question was not agreed upon as the value of the land.

The form of the deed in this case is identical to the deed we previously upheld in *Dept. of Transportation v. Knight,* 238 Ga. 225 (232 SE2d 72) (1977). By amendment the complaint alleges that the deed was procured in various ways amounting to fraud, duress and coercion, which were concealed from appellant until November, 1974, when it was announced that I-485 would not be built. As to some of these allegations, they are barred by the statute of limitations (*Knight v. Dept. of Transportation,* 239 Ga. 368, 370, supra; *O'Quinn v. O'Quinn,* 237 Ga. 653 (229 SE2d 428) (1976)), and laches (*Emhart Corp. v. McLarty,* 226 Ga. 621, 624 (176 SE2d 698) (1970); *Stephens v. Walker,* 193 Ga. 330, 331 (18 SE2d 537) (1942); *O'Quinn v. O'Quinn,* 237 Ga. 653, supra. Misrepresentations as to questions of law do not give rise to an action for fraud. *Knight v. Dept of Transportation,* 239 Ga. 371, supra; *Gignilliat v. Borg,* 131 Ga. App. 182, 183-184 (205 SE2d 479) (1974); *Williams v. Dougherty County,* 101 Ga. App. 193 (113 SE2d 168) (1960). See Code Ann. § 105-302; see also *Wood v. Puritan Chemical Co.,* 178 Ga. 229 (1) (172 SE 557) (1934); Code Ann. § 89-903. Allegations of duress, threat and coercion based on the premise that the Department of Transportation had the power to and would condemn the appellant's property if appellant did not execute the deed have no merit. This power to condemn clearly existed. *Sadtler v. City of Atlanta,* supra, 236 Ga. at 397-398; *Pye v. State Hwy. Dept.,* 226 Ga. 389 supra, (1) (3-7) (10, 11). "It is a general rule that an act must be wrongful to constitute duress, and it is not duress to threaten to do what one has a legal right to do . . . The threat to bring a civil proceeding against a person is not duress in the legal sense." *Causey v. Matson,*

(1970); *Pye v. State Hwy. Dept.,* 227 Ga. 315 (180 SE 2d 355) (1971); *Sadtler v. City of Atlanta,* 236 Ga. 396 (223 SE2d 819) (1976); *Dept. of Transportation v. Knight,* 238 Ga. 225 (232 SE2d 72) (1977); *Knight v. Dept. of Transportation,* 239 Ga. 368, supra; *Shoemaker v. Dept. of Transportation,* 240 Ga. 573 (1978).

215 Ga. 306, 311 (110 SE2d 356) (1959). We have considered the plaintiff's complaint as amended and conclude that the trial court did not err.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 10, 1978 — DECIDED FEBRUARY 28, 1978.

*Pye, Groover & Pye, Durwood T. Pye,* for appellant.
*Arthur K. Bolton, Attorney General, Bruce M. Edenfield, Assistant Attorney General,* for appellee.