### 36297. HARWELL v. GEORGIA POWER COMPANY.

UNDERCOFLER, Chief Justice.

Certiorari was granted in this case to determine the singular issue of whether Georgia Power Company is authorized by the statutes of this State to condemn real property in fee simple.

Georgia Power brought an in rem proceeding to gain title in fee simple unencumbered to 71.768 acres of land owned by appellant pursuant to the "Special Master Act" (Ga. L. 1957, p. 387; 1967, p. 825; Code Ann. § 36-601a) for the purpose of acquiring property upon which to construct a hydro-electric generating facility licensed by the Federal Energy Regulatory Commission and which would produce electricity to be sold to the public. A detailed description of the facility is contained in the Court of Appeals decision, *Harwell v. Ga. Power Co.,* 154 Ga. App. 142 (267 SE2d 769) (1980), and will not be repeated here.

After a hearing, the Special Master found that acquisition of a

fee simple interest was necessary. The trial court then entered judgment condemning the property in fee simple. The Court of Appeals, applying the statutes and a prior decision by this court, affirmed. We think the Court of Appeals has correctly stated the law and affirm.

Under the provisions of Georgia Law, 1897, p. 68 (Code Ann. § 36-801), the legislature granted to corporate utilities such as Georgia Power Company, which generate electricity by water or steam power " to be used for the purpose of lighting towns or cities, or supplying motive power to railroad or street car lines, or supplying light, heat or power to the public, . . . the right to purchase, lease or condemn rights-of-way or other easements over the lands of others in order to run lines of wires, maintain dams, flow backwater or for other uses necessary to said purposes, upon first paying just compensation to the owner of the land to be affected." Thus, under the 1897 act, Georgia Power is defined as a condemning body exercising powers of eminent domain.

The Special Master Act provides in Code Ann. § 36-603a that "whenever it shall be necessary for such condemning body to take or damage private property, or any interest or easement therein" the condemning body can petition the superior court having jurisdiction for a judgment in rem against said property, "condemning the same in fee simple."

We think the Special Master Act is ample authority for the power company to condemn in fee simple whenever it can show a public purpose and necessity. While the appellant contends that the issue whether a utility is authorized to condemn in fee simple is a question of first impression in this court, we think the issue has been previously decided in *Sadtler v. City of Atlanta,* 236 Ga. 396, 398 (223 SE2d 819) (1976), cited as authority by the Court of Appeals. Although *Sadtler* dealt with title to property condemned by the Georgia Department of Transportation for a highway project later abandoned, we held in that case that the Special Master Act provided additional legal basis that the interest DOT has taken in the property was in fee simple.

It is of interest to note that the Special Master Act as originally enacted in 1957 (Ga. L. 1957, p. 387), limited the meaning of "condemning" bodies to the State of Georgia, or any branch of the government of the State of Georgia or any county, municipality, or other political subdivision of the State. The legislature amended the act in 1962 (Ga. L. 1962, p. 461) to add housing authorities as condemning bodies. A second amendment in 1967 (Ga L. 1967, p. 825), added "all other persons, firms and corporations possessing the right or power of eminent domain. . ." It must be concluded that the

legislative intent in the 1967 amendment was to vest power companies which supply electricity to the public with the power to condemn in fee simple for public purposes and subject to the protective statutory procedures provided in the act.

*Judgment affirmed. All the Justices and Judge Frank S. Cheatham, Jr., concur, except Hill, J., who dissents. Bowles, J., disqualified.*

ARGUED JUNE 4, 1980 — DECIDED
JULY 16, 1980 —
REHEARING DENIED JULY 30, 1980.

*J. Corbett Peek, Jr., James Garland Peek,* for appellant.
*Karl M. Kothe, J. Kirk Quillian, Robert R. Edwards,* for appellee.

HILL, Justice, dissenting.

The Act of 1897 (Ga. L. 1897, p. 68; Code Ann. § 36-801) gave electric utilities the power to "condemn rights-of-way or other easements." That act did not give electric utilities the power to condemn land in fee simple.[1]

The question here is whether the 1967 amendment (Ga. L. 1967, p. 825) authorizing "all other persons, firms and corporations possessing the right or power of eminent domain" to utilize the 1957 Special Master Act, Ga. L. 1957, p. 387; Code Ann. § 36-601a et seq., increased the power of all such persons, firms or corporations to condemn property in fee simple where they previously had only the power to condemn a lesser interest.

The 1957 Special Master Act did not grant to anyone the power of eminent domain. It merely "prescribe[d] an additional procedure for the exercise of the power of eminent domain" (Ga. L. 1957, p. 387; see also section 2 of the act) already granted to the state and its political subdivisions. In *Botts v. Southeastern Pipe-Line Co.,* 190 Ga. 689 (10 SE2d 375) (1940), this court held that a petroleum pipeline company which had not been granted the power of eminent domain did not acquire such power by an amendment to an act authorizing petroleum pipeline companies to utilize a condemnation procedural statute.

As *Sadtler v. City of Atlanta,* supra (relied upon by the

---

[1]Because statutes delegating the power of eminent domain are in derogation of the property rights of our citizens, such statutes are strictly construed. 10 EGL Eminent Domain, § 4 (1979).

majority), expressly pointed out, the City of Atlanta already had the power to condemn property in fee simple for limited access facilities by virtue of a 1955 act, Ga. L. 1955, pp. 559, 562. *Sadtler,* 236 Ga. at 397.

The "Furthermore" paragraph in *Sadtler* (236 Ga. at 398), relied upon by the majority here, was surplusage in *Sadtler.* That is, it was dicta. Moreover, it was erroneous dicta. *Botts v. Southeastern Pipe-Line Co.,* supra. The majority here elevate that erroneous dicta to a holding applicable to every condemning authority in this state (whether public, private or quasi-public/private) which heretofore had a limited power to condemn but was not given by statute the power to condemn in fee simple. In one Evil Kneivel leap, from erroneous dicta into a holding, the majority gives all condemning authorities the power not only to use the Special Master Act procedurally but also the power to condemn in fee simple. In my view that was not the intent of the General Assembly in creating a new procedure, the Special Master Act, for condemnation, nor its intent when in 1967 it amended the "special master procedure" (Ga. L. 1967, p. 825) and added all remaining condemning authorities in this state.

As a result of this decision, under a 50-year federal license the Georgia Power Company will be allowed to condemn land in fee simple to operate not only a hydroelectric pump storage project but also a Disneyland for campers (picnic areas, boat rentals, concession centers, camping areas, trailer parks, fishing areas, hiking trails, etc.) including trailer sites, a general store and a craft shop on the property being condemned (see the report of the special master quoted in *Harwell v. Georgia Power Co.,* 154 Ga. App. 142, supra). Next, the City of Mableton will use the authority granted it by this court under the Special Master Act to acquire Six Flags Over Georgia. I therefore dissent.