## S96A1125. SWIMS v. FULTON COUNTY et al.
(475 SE2d 597)

HUNSTEIN, Justice.

On May 23, 1984, pursuant to OCGA § 32-3-4 et seq., the Geor-

---

gia Department of Transportation ("DOT") filed a condemnation action against Swims seeking to acquire fee simple title to one-tenth of an acre of land owned by him. The property was acquired for the purpose of widening and improving Interstate 75/85. On February 16, 1994, the DOT quitclaimed to Fulton County its interest in a portion of the property acquired from Swims in exchange for other property then owned by Fulton County. The DOT did not notify Swims of the exchange. Subsequently, Swims filed this action, requesting the conveyance to Fulton County be set aside because the DOT had failed to comply with statutory requirements. Swims' complaint alleged that prior to its conveyance to Fulton County, the DOT was required by OCGA § 32-7-4 to give Swims notice that the property would not be used for the purpose for which it was condemned and that he had a statutory right to reacquire the property pursuant to that Code section. The trial court granted defendants' motions for judgment on the pleadings and Swims appeals.

1. The exchange of property between governmental entities is governed by OCGA § 32-3-3 (b), which authorizes

> [a]ny state agency, county, or municipality . . . for public road purposes, to enter into agreements with other state agencies, counties, or municipalities . . . for the exchange of real property or interests therein for public road purposes. Such exchange shall not be consummated unless the exchange serves the best interest of the public and unless the property or interest to be acquired in exchange is appraised as being of equal value to, or of greater value than, the property or interest to be exchanged.

Swims does not contest the public purpose served by the exchange between the DOT and Fulton County and does not allege insufficient consideration. Thus, the requirements of OCGA § 32-3-3 (b) have been met by the exchange here.

2. Swims' contention that the exchange is governed by the provisions of OCGA §§ 32-7-3 and 32-7-4 is incorrect. OCGA § 32-7-3 provides that if a change in conditions causes the DOT, a county or a municipality to determine that property acquired for public road purposes is no longer needed for such purposes, the entity is authorized to "dispose of" property. If a decision to dispose of the property is made, then the notice requirement and repurchase rights of OCGA § 32-7-4 are invoked. However, the phrase "dispose of" does not encompass intergovernmental exchanges made under OCGA § 32-3-3 (b). Chapter 3 of Title 32 deals with the acquisition of property for transportation purposes, and covers acquisition by intergovernmental exchange; Chapter 7 of Title 32 deals with the abandonment, dis-

posal, or leasing of property not needed for public road purposes. Viewing these statutes in pari materia, see *Pafford v. Biomet*, 264 Ga. 540, 542 (448 SE2d 347) (1994) (all statutes relating to the same subject matter are to be construed together, and harmonized wherever possible, so as to give effect to legislative intent), it is clear that intergovernmental exchange is considered a method of acquisition, not disposal. The concepts of exchange and disposal are separate and distinct, as evidenced by the language of OCGA § 32-7-5 (a), which characterizes the authority to lease property as being in addition to "the authority granted in Code Section 32-7-3 to dispose of property no longer needed and in subsection (b) of Code Section 32-3-3 to exchange property."

When the DOT condemned Swims' property, it acquired a fee simple interest, *Sadtler v. City of Atlanta*, 236 Ga. 396 (223 SE2d 819) (1976), and the right to exchange all or a portion of the property with another governmental entity, unencumbered by any procedural requirements associated with the disposal of property.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1996.

*Daniel W. Latimore, Jr., Angela C. Hardage,* for appellant.

*Michael J. Bowers, Attorney General, George P. Shingler, Deputy Attorney General, Cathy A. Cox-Brakefield, Assistant Attorney General, Weiner, Yancey, Dempsey & Diggs, Beryl H. Weiner, Bryan P. Hilton,* for appellees.