A01A0656. BURT v. DEPARTMENT OF TRANSPORTATION.
(551 SE2d 409)

SMITH, Presiding Judge.

Hilliard Burt appeals from the grant of summary judgment to the defendant in the declaratory judgment action he brought against the Georgia Department of Transportation. Burt sought a declaration that the Department violated OCGA § 32-3-1 (c) (1) and that he had the right to repurchase land condemned by the Department in 1977 for a limited access highway and not used for that purpose.[1] After the Department answered, cross-motions for summary judgment were filed, and the trial court granted that of the Department and denied that of Burt. In four enumerations of error, Burt argues that the trial court's rulings were erroneous because the original taking was unlawful under OCGA § 32-3-1 (c) (1) and that he has the right under that statute to repurchase the land. We do not agree, and we affirm the trial court's grant of summary judgment to the Department.

Burt and his now-deceased brother were the named condemnees in an action filed by the Department in 1977, in which a parcel of 21.544 acres near Albany was condemned for highway purposes. Judgment of condemnation was entered in 1979. Burt alleges that although the property was cleared almost immediately, no construction ever took place on the property. In 1986, Burt requested of the Georgia Attorney General that he be allowed to repurchase the prop-

---

[1] Later, in an amendment to the complaint filed along with his motion for summary judgment, Burt requested that the trial court declare that the original condemnation was unlawful because of "lack of need" and, in the alternative, that he has the right to repurchase the property through arbitration.

erty, and he was informed that the decision as to whether the property was no longer needed for public road purposes was completely within the discretion of the Department and no requirement existed that the Department dispose of any property.

In 1998, the Department advised Burt that 9.081 acres of the original parcel were being declared surplus and he could elect to repurchase this portion of the property for $566,650 within 60 days. Burt declined and requested arbitration. This lawsuit was filed in January 1998.

1. Burt alleges that the 1977 condemnation was unlawful because the Department had no plans for or need for the property at the time for any public highway; the condemnation was therefore a taking of his property for private, rather than public, purposes. In support of this claim, however, Burt merely points to the fact that the property lay undeveloped and unused for approximately 18 years.

The Department presented evidence that at the time of the original condemnation, the parcel in issue was taken for a project to extend a portion of the northern arc of the Albany bypass, from U. S. 19 to Dawson Road. The construction of the northern arc was completed, but the extension west and south never took place as planned. A former commissioner of Dougherty County gave an affidavit stating that he was familiar with the proposed project to complete a perimeter highway around Albany in the 1970s. The project was partially built but never completed. He explained that while funding was being sought to complete the project, extensive development, including the construction of many relatively expensive homes, occurred in the proposed corridor of the road. The project was reconsidered, and the decision was made that the costs of acquiring right-of-way and the anticipated upheaval that would be necessary to relocate residents outweighed the benefits of the extension.

In 1996, however, the Department planned, designed, and constructed a different project, the Liberty Expressway and Dawson Road interchange, and a portion of Burt's property was used for this project. At the time Burt filed suit in January 1998, construction of the interchange project had begun. The portion not used was the 9.081 acres declared surplus by the Department, appraised, and offered to Burt.

Because the Department had an identified need for a portion of Burt's property, it was permissible to condemn the entire tract, particularly since the tract was the first parcel in the proposed route of the extension, which the Department intended at the time of the taking to complete. OCGA § 32-3-1 (d), originally enacted in 1973, provides: "In the process of acquiring property or interests for any public road purpose, an entire lot, block, or tract of land may be acquired if by so doing the interest of the public will be best served." Acquiring

in one proceeding all the land the Department planned to use, thereby saving costs of appraising, negotiating, filing, and litigating separately, surely served the interest of the public.

Moreover, our Supreme Court has held that when the Department acquires land in fee simple and its original plans for the land then are abandoned, it is entitled to use that land for other purposes. *Knight v. Dept. of Transp.*, 239 Ga. 368, 370 (2) (236 SE2d 826) (1977). The taking was therefore not unlawful notwithstanding that only a portion of the tract was used at the time.

2. Burt contends the Department violated OCGA § 32-3-1 (c) (1) when it did not begin construction on the property it condemned within ten years. We agree with the Department that OCGA § 32-3-1 (c) is not applicable here. The statute provides:

> Property or interests shall not be acquired for "future public road purposes," as that term is used in this Code section, unless . . . [c]onstruction will be commenced on the property to be acquired within a period of not less than two years nor more than ten years following the end of the fiscal year in which the secretary of transportation of the United States approves an advance of all the necessary funds to the department for the acquisition of rights of way for such construction under authority of Title 23, Section 108, United States Code, as amended.

The Federal Highway Administration implemented 23 CFR §§ 712.701-712.703 to carry out the mandate of 23 USC § 108. Under these regulations, the right-of-way revolving fund was created, and the Georgia General Assembly authorized the Department to participate in this funding program by enacting OCGA § 32-3-1 (c). Projects receiving this type of funding are deemed "future public road projects" in the Georgia statute. The federal regulation requires that projects using these funds ("Q" funds) be initiated two to ten years following approval of the funds. 23 CFR § 712.702 (d). This requirement is tracked in the language of OCGA § 32-3-1 (c) (1). The federal program, which expired in June 1998, allowed for protection of future road corridors from increased acquisition costs due to development by permitting "advanced acquisitions" with 100 percent federal funding. OCGA § 32-3-1 (c) (1) was enacted to allow the Department to take advantage of this funding.

Burt's property, however, was not acquired using "Q" funds. We are unaware of any provision of law, and the parties have cited none, requiring construction of a "present," rather than a "future," road project within ten years of acquiring the right-of-way. Because the Department did not use these special funds to acquire Burt's prop-

erty, OCGA § 32-3-1 (c) (1) did not apply, and the Department did not violate it. Summary judgment to the Department therefore was proper.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED JULY 2, 2001 —
RECONSIDERATION DENIED JULY 24, 2001 —

*Burt & Burt, Hilliard P. Burt,* pro se.

*Thurbert E. Baker, Attorney General, Daniel M. Formby, Deputy Attorney General, Cathy Cox-Brakefield, R. O. Lerer, Senior Assistant Attorneys General,* for appellee.