S06A1860. FERDINAND v. BOARD OF COMMISSIONERS OF FULTON COUNTY et al.

(641 SE2d 787)

MELTON, Justice.

On March 4, 2005, Arthur Ferdinand, the Fulton County Tax Commissioner, sent a memo to Fulton County's Personnel Director indicating his intent to raise the salaries of his chief deputy, six subsidiary deputies, and two administrative assistants. The Director refused to implement the raises, citing Fulton County Personnel Regulations that restricted Ferdinand from adjusting the salaries of civil service employees. Ferdinand filed a declaratory action seeking a ruling that his employees are not Fulton County employees, and therefore, are not a part of the Fulton County civil service system. Both Fulton County and Ferdinand moved for summary judgment. The trial court granted Fulton County's motion and denied Ferdinand's.

1. The dispositive issue in this appeal is whether the employees of the Fulton County Tax Commissioner's office are included in the Fulton County civil service system.[1]

Pursuant to a 1939 amendment to the Georgia Constitution ("the 1939 Amendment"),[2] the Georgia General Assembly enacted a law in 1943 creating a civil service and/or merit system for Fulton County. 1943 Ga. L., p. 971 ("the 1943 Act"). By expressly stating that the deputies and employees of the Tax Receiver and Tax Collector's offices fell into the category of "classified service," the 1943 Act included these employees in the Fulton County civil service system. Id. at p. 980, § 5 (2).

Without removing these aforementioned employees from the civil service system, the General Assembly consolidated the Fulton County offices of Tax Receiver and Tax Collector into the new office of Fulton County Tax Commissioner in 1951. 1951 Ga. L., p. 3006 ("the 1951 Act"); see also Ga. Const. of 1945, Art. IX, Sec. I, Par. VI (currently Ga. Const. of 1983, Art. IX, Sec. I, Par. III (c)). The Georgia Constitution was amended again in 1952 to allow the General Assembly to choose the method of selecting the Tax Commissioner, and to require the Tax Commissioner to appoint a chief deputy. 1952 Ga. L., p. 514 ("the 1952 Amendment").

Pursuant to its authority under the 1939 Amendment, which was continued in force and effect by Art. VII, Sec. X, Par. I of the Georgia Constitution of 1945 and by Art. XIII, Sec. I, Par. II of the Georgia Constitution of 1976, the General Assembly passed a 1982 law that revised the Fulton County civil service system. 1982 Ga. L., p. 4896 ("the 1982 Act"). This 1982 Act states that "[t]he 'classified service' to which th[e] Act applies shall comprise all tenured classes and positions in the Fulton County Merit System now existing," and that "[a]ll permanent employees in the classified service prior to the enactment of this Act shall retain their current status." Id. at pp. 4902, 4904, §§ 6 (a) and 7.

The aforementioned legislative Acts and constitutional amendments must be read in pari materia. See *Swims v. Fulton County*, 267 Ga. 94, 96 (475 SE2d 597) (1996) ("all statutes relating to the same subject matter are to be construed together, and harmonized wherever possible, so as to give effect to legislative intent"). Doing so, we find that the employees and deputies of the Fulton County Tax

---

[1] To determine this issue, the legislative and constitutional provisions that created the Fulton County civil service system must be analyzed.

[2] 1939 Ga. L., p. 36 ("The General Assembly shall have the authority . . . to enact laws creating a Civil Service Commission and establishing a Civil Service System and/or Merit System for county employees and employees and deputies of county officers of Fulton County, including deputies and employees of the . . . Tax Collector [and] Tax Receiver.").

Commissioner's office are included in the Fulton County civil service system. The employees and deputies of the Fulton County Tax Receiver and Tax Collector's offices were included in the civil service system prior to the creation of the Tax Commissioner's office, and the General Assembly did not remove these employees from the civil service system when the Tax Receiver and Tax Collector's offices were consolidated to become the Tax Commissioner's office in 1951. Therefore, the employees of the Tax Commissioner's office continue to be civil service employees. If the General Assembly had intended to remove the deputies and employees of the Tax Receiver and Tax Collector from the civil service system when those offices were consolidated, it could have expressly done so. Further, by expressly stating that the positions that were already included in the classified service in 1982, which would include employees and deputies of the Fulton County Tax Commissioner's office, "shall retain their current status," the 1982 Act shows a further legislative intent to maintain these employees within the civil service system.[3]

Because the Fulton County employees and deputies of the Tax Commissioner's office are included in the Fulton County civil service system, the trial court properly rejected Ferdinand's contentions and correctly granted summary judgment to Fulton County.[4]

2. In light of our disposition in Division 1, we need not address Ferdinand's remaining contentions.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 26, 2007.

---

[3] Ferdinand contends that the 1982 Act eliminates his deputies from the civil service system by allowing them to become "unclassified service" employees. See 1982 Ga. L. at 4903, §§ 6 (b) (4), (c). However, such an interpretation directly contradicts the clear legislative intent to maintain "employees and deputies" of the Fulton County Tax Commissioner's office in the civil service system. See 1982 Ga. L. at 4902, 4904, §§ 6 (a) and 7. We reject the notion that the General Assembly intended to reach the contradictory result of maintaining the Fulton County Tax Commissioner's deputies within the civil service system in the same statute that would simultaneously remove them from the system. See *Haugen v. Henry County*, 277 Ga. 743, 746 (2) (594 SE2d 324) (2004) ("The judiciary has the duty to reject a construction of a statute which will result in unreasonable consequences or absurd results not contemplated by the legislature.") (citation omitted).

[4] Ferdinand's reliance on OCGA § 36-1-21 does not change the result, as that statute expressly applies only to civil service systems created by "county governing authorit[ies]." Id. at (b). The civil service system here was created by the General Assembly, not Fulton County. See *Hill v. Watkins*, 280 Ga. 278, 279 (1) (627 SE2d 3) (2006) ("In order to place employees under a county civil service system, specific authorizing legislation must be passed pursuant to a constitutional amendment, *or* the procedure set out in OCGA § 36-1-21 must be followed.") (citation omitted; emphasis supplied).

*Bauer & Deitch, Henry R. Bauer, Jr.*, for appellant.
*Paula M. Nash, Sudevi N. Ghosh*, for appellees.